IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>     Plaintiff,<br><br> v.<br><br>LUVO MEDICAL TECHNOLOGIES INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>     Defendants. | **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br><br>Case No.  2:24-cv-00587-TC<br><br>Judge Tena Campbell |

  Based on the Motion for Final Consent Judgment and Permanent Injunction filed on April 4, 2025, and for good cause appearing,

  IT IS HEREBY ORDERED as follows:

  1. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Plaintiff and Defendants.

  2. That venue is proper in this judicial district.

  3. That HydraFacial owns each of U.S. Patent Nos. 9,550,052 ("'052 Patent"); 10,357,641 ("'641 Patent"); 10,357,642 ("'642 Patent"); 11,865,287 ("'287 Patent"); 12,053,607 ("'607 Patent"); and 11,446,477 ("'477 Patent") (collectively, the "patents-in-suit"). The patents-in-suit expire no later than March 29, 2026.

4. That Plaintiff has alleged that one or more of the Defendants have manufactured, used, sold, offered for sale, and/or imported into the United States the Bela MD product shown in Exhibit A.

5. That Plaintiff has alleged that one or more of the Defendants have manufactured, used, sold, offered for sale, and/or imported into the United States the Bela MD+ product shown in Exhibit B.

6. That Plaintiff has alleged that the manufacture, use, sale, offer for sale, and/or importation into the United States of the Bela MD product shown in Exhibit A and the Bela MD+ Product shown in Exhibit B (collectively, the "Bela Products") infringes each of the patents-in-suit.

7. That during the life of the patents-in-suit, except as provided in paragraph 9, Defendants, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making or importing into the United States each of: the Bela MD product shown in Exhibit A; the Bela MD+ product shown in Exhibit B; any product that is no more than colorably different than the Bela MD product shown in Exhibit A; and, any product that is no more than colorably different than the Bela MD+ product shown in Exhibit B through the end of the term of the patents-in-suit, which end on March 29, 2026 in accordance with the terms of the parties' settlement agreement.

8. That beginning on October 16, 2025, and extending through the life of the patents-in-suit, except as provided in paragraph 9, Defendants, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives, and all other persons acting or

attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering for sale, importing, advertising, marketing, promoting, and importing into the United States each of: the Bela MD product shown in Exhibit A; the Bela MD+ product shown in Exhibit B; any product that is no more than colorably different than the Bela MD product shown in Exhibit A; and, any product that is no more than colorably different than the Bela MD+ product shown in Exhibit B through the end of the term of the patents-in-suit, which end on March 29, 2026, in accordance with the terms of the parties' settlement agreement.

9. For the avoidance of doubt, and notwithstanding the foregoing, Defendants may provide and/or import into the United States replacement Bela Products and/or replacement parts to honor express warranty obligations for products sold by the Defendants.

10. That Final Judgment be entered consistent with the foregoing terms.

11. That Final Judgment and Permanent Injunction are entered into pursuant to a settlement agreement between Plaintiff and Defendants.

12. That nothing contained in the Consent Judgment and Permanent Injunction shall affect any of HydraFacial's rights against Eunsung Global Corp.

13. That parties affirmatively waive any and all rights to appeal the Final Consent Judgment and Permanent Injunction.

14. That this Court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction.

15. That each party will bear its own costs and attorneys' fees for this action.

DATED this 7th day of April, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge

-4-