D. Craig Parry, Bar No. (UT 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 S 200 E STE 700
SALT LAKE CITY, UT 84111
(801) 532-7840

Ali S. Razai (*Pro Hac Vice*)
ali.razai@morganlewis.com
Benjamin J. Everton (*Pro Hac Vice*)
ben.everton@morganlewis.com
Christian D. Boettcher (*Pro Hac Vice*)
christian.boettcher@morganlewis.com
**MORGAN LEWIS BOCKIUS LLP**
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff Hydrafacial LLC*

Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **JOINT MOTION FOR SCHEDULING CONFERENCE**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Plaintiff HydraFacial LLC, formerly known as Edge Systems LLC ("Plaintiff or HydraFacial") and Defendant Eunsung Global Corp. ("Defendant or Eunsung") (collectively, the "Parties") jointly move for a scheduling conference pursuant to Judge Campbell's Patent Rule 2(A), Local Patent Rule 1.2(b)(1), and the Court's Civil Case Scheduling requirements found at the following webpage: https://www.utd.uscourts.gov/civil-case-scheduling.  The parties met and conferred on a proposed scheduling order on May 1, 2025, and May 16, 2025.  The Parties each propose their schedules attached hereto as **Exhibit A** and **Exhibit B** for Plaintiff and Defendant, respectively.  The Parties also provide an Attorney Planning Meeting Report pursuant to LPR 1.2(a) attached as **Exhibit C**.  The Parties disagree on three items: (1) the deadline for Defendant to produce documents required under Campbell's Patent Rule 4(A)(2); (2) the deadline for the parties to submit a proposed protective order; and (3) whether the maximum number of requests for production and requests for admission to be served by each party should be 100 each or unlimited.

## I.    PATENT CASE MANAGEMENT STATEMENT

### A.    The Deadline for Defendant to Produce Documents Under Judge Campbell's Patent Rule 4(A)(2)

#### 1.    Plaintiff's Position

Plaintiff filed its Complaint on August 16, 2024.  Dkt. 1.  The Court stayed this case in its entirety on October 3, 2024 due to parallel ITC investigations involving the defendants.  Dkt. 41.  On April 16, 2025, Plaintiff filed a motion to reopen the case, and the Court ordered a status conference for April 24, 2025.  Dkt. 54.

During the April 24, 2025 status conference, HydraFacial's counsel notified the Court that the ITC investigations had been terminated as to all the defendants, including Eunsung.  On that same day, the Court reopened the case and lifted the stay.  Dkt. 56.  During the status conference,

Defendant Eunsung argued that the stay should remain in place due to petitions for *inter partes* review (IPRs) that have been filed to challenge the validity of some of the asserted patents. The Court rejected Defendant's arguments to maintain the stay in view of the pending IPR petitions and lifted the stay. The Court instead requested that the parties submit a proposed scheduling order that addresses the August 25, 2025 IPR institution decision date. With the case reopened and the stay lifted, this case should proceed without further delay. Defendant should provide the discovery required under Judge Campbell's rules under the schedule determined by Judge Campbell's rules.

Plaintiff's proposal aligns with Judge Campbell's rules.[1] Judge Campbell's Patent Rule ("JCR") 4(A)(2) requires Defendant to produce certain discovery "[n]ot later than 30 days after service of the list of Accused Instrumentalities." Plaintiff served upon Defendant its list of Accused Instrumentalities on May 16, 2025. Judge Campbell's rules provide plaintiffs the opportunity to take depositions; per JCR 4(A)(4), such depositions "shall be taken during the period from the date of service of the list of Accused Instrumentalities and the date on which that party's Disclosure of Asserted Claims and Preliminary Infringement Contentions is due." Plaintiff's proposal, which merely follows the Judge's rules, accords Plaintiff with sufficient time for such discovery before initial infringement contentions. Thus, Judge Campbell's Patent Rules ensure that the parties comply with the purpose of the Federal Rules in "secur[ing] the just, ***speedy***, and inexpensive determination of ***every*** action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

---

[1] Plaintiff's proposal also aligns with the Court's order to account for the pending IPRs. Plaintiff understands that the Court's request refers to notifying the Court regarding the institution decisions when they are issued. The Court did not request that the parties stay or delay any portion of the case until issuance of the institution decisions. Thus, Plaintiff proposes a date by which the parties will notify the Court as to the status of the IPR institution decisions. Further, Defendant's proposal only serves to delay discovery it would still necessarily produce during this this litigation.

On the other hand, Defendant's proposal is contrary to Judge Campbell's Patent Rules, the Federal Rules, and legal precedent. *First*, the Court invited Plaintiff to decide when it should serve preliminary infringement contentions. In its May 8, 2025 minute order, the Court stated that "Plaintiff[] may decide whether the Preliminary Infringement Contentions, which are ordinarily due 90 days after the Initial Case Management Conference, should be served before or after August 25, 2025." Dkt. 60. Plaintiff decided that the infringement contentions, and the discovery contemplated for use in initial infringement contentions, should follow the schedule dictated by the Judge's rules and be served prior to August 25. By requesting that it delay discovery for upwards of a month, Defendant seeks to contravene the Court's direct order and the rules.

*Second*, Defendant's proposal would unfairly reduce the time for Plaintiff to process and review Defendant's documents prior to any depositions and initial infringement contentions. The 60-day period between the document production required by JCR 4(A)(2) and the deadline for serving initial infringement contentions under JCR 3(B) is essential to allow Plaintiff sufficient time to both (1) resolve any issues with Defendant regarding its production, and (2) take the depositions granted by JCPR 4(A)(4), all of which are likely to occur in South Korea where Defendant resides. Defendant's delay of discovery until July 7, 2025 would cut this period nearly in half, greatly reducing Plaintiff's opportunity to resolve production issues and take depositions before serving the initial infringement contentions.

*Lastly*, Defendant's response to the complaint in this case does not affect its obligations under JCPR 4(A)(2). Indeed, the rule does not seem to require any disclosure of Defendant's contentions or counterclaims. Rather, JCPR 4(A)(2) requires the production of "all documents and things related to the design, development, sale, offer for sale, manufacture, use and functionality of Accused Instrumentalities made, used, sold or imported by it." This rule focuses

on documents already known and easily provided by Defendant, as Plaintiff served its list of Accused Instrumentalities on May 16, 2025. This rule is unrelated to the allegations, claims, or defenses Defendant may raise in its answer. Thus, basing the 30-day period for discovery under JCPR 4(A)(2) on the answer date, as opposed to the May 16, 2025 date for serving a list of Accused Instrumentalities as contemplated by the rule, does not make sense and would introduce unnecessary delay.[2]

### 2.    **Defendant's Position**

The Court should grant a short extension of the JCPR 4(A)(2) deadline for Defendant to produce all documents and things related to the Accused Instrumentalities, from June 16, 2025 to July 7, 2025. The default deadline of June 16, 2025 would only give Defendant 10 days after responding to the Complaint to produce these documents, and Defendant needs the additional requested time until July 7, 2025 to collect and produce documents after responding to the Complaint, especially given that Plaintiff has identified at least nine accused products, including components, and treatment and testing methods for each of the products.

On the May 16, 2025 meet and confer for the proposed scheduling order, Eunsung proposed October 6, 2025 (6 weeks from Eunsung's response to the Complaint) as the deadline for Plaintiff's Preliminary Infringement Contentions to account for the IPRs, and provide Plaintiff enough time to review the documents and take depositions before its contentions are due. Plaintiff refused such proposal and decided to propose August 14, 2025 as its contentions due date. Under Eunsung's proposal, Plaintiff would have over six weeks from Eusung's document production to

---

[2] The number of accused instrumentalities in this case is typical of a patent case, and Plaintiff notes that Defendant should have gathered many of documents and things required under JCPR 4(A)(2) during discovery in other litigation proceedings between the parties.

prepare infringement contentions. Eunsung should not be punished for Plaintiff's selection of an earlier due date for its infringement contentions.

Contrary to Plaintiff's assertion that the documents are already known and can be easily provided by Defendant, Defendant will have to investigate through each of the required categories of documents for each of the accused products, including its components, testing methods, and treatments. Also the date at issue is only a deadline for Eunsnug to complete its production required under JCPR 4(A)(2), not the date in which Eunsung will make its first production. Plaintiff will have ample opportunity to review Eunsung's documents before its Preliminary Infringement Contentions are due even under Eunsung's proposed date.

**B.    Deadline to Submit a Proposed Protective Order**

   **1.    Plaintiff's Position**

Plaintiff proposes June 13, 2025 as the deadline for the parties to submit a stipulated protective order to allow for a joint agreement between the parties before Defendant's June 16, 2025 production under JCPR 4(A)(2). The parties have plenty of time before June 13, 2025 to discuss and submit a protective order. There is no reason to delay this simple task. Should the Court set a later date for submitting a stipulated protective order, the other dates of the schedule should not be delayed. For example, Defendant can still make its JCPR 4(A)(2) production under the Standard Protective Order for patent cases pursuant to JCPR 2(B), LPR 1.4, and DUCivR 26-2. None of these rules allow a party to withhold documents on the basis of the parties having not submitted a stipulated protective order. Plaintiff proposes this date to allow the parties to conduct all discovery under a mutually-agreeable protective order.

   **2.    Defendant's Position**

The Court should establish a deadline of June 30, 2025 for the parties to submit the stipulated protective order and any related disputes, rather than the June 13, 2025 deadline that

Plaintiff proposes.  Plaintiff's proposed deadline is unreasonably short, as it only allows 8 days after Defendant responds to the Complaint and the parties file their initial disclosures on June 5, 2025.  The additional time that Defendant requests will allow sufficient time for the parties to work together in good faith to reach a stipulation on the protective order and hopefully avoid the need to raise disputes over it with the Court.

**C.    Discovery Limits on Requests for Production and Requests for Admission**

**1.    Plaintiff's Position**

Plaintiff proposes that discovery in this case follow the established limits (or lack thereof) instituted by the Federal Rules of Civil Procedure.  The federal and local rules do not impose any limits on the number of requests for admission and requests for productions that a party may serve. *See Sec. & Exch. Comm'n v. Rayat*, 2022 WL 1606953, at *1 (S.D.N.Y. May 19, 2022) ("Rule 36, unlike other rules, contains no limitations on the number of RFAs that may be served."); *Nycomed US Inc. v. Glenmark Generics Ltd.*, 2009 WL 10708945, at *1 (E.D.N.Y. May 12, 2009) ("[T]he Federal Rules of Civil Procedure … [do not] contain[] any numerical limitation on requests for admission or document demands.").  It is Defendant's burden to show why this case requires discovery request limitations.

Defendant has not presented any reasons for imposing additional limits on the number of discovery requests and cannot justify its request.  The scope of discovery is still uncertain because Defendant has yet to respond to the Complaint.  Thus, imposing arbitrary limits on the number of discovery requests is unnecessary and improper.  Further, numerous patent cases in this district have not included limits on discovery requests. *See, e.g.*, *SnapRays, LLC v. OnTel Products Corp., et al.*, Case No. 2:16-cv-01198-CW (D. Utah Aug. 8, 2017), Dkt. 87 (ordering no limit on maximum requests for admission and production, instead stating "As set forth in the Federal Rules of Civil Procedure"); *DISH Techs. LLC et al. v. Vidgo, Inc.*, Case No. 2:23-cv-00624-HCN-CMR

(D. Utah Jan. 26, 2024), Dkt. 32 (ordering "Unlimited" requests for admission and production); *Square One Choices Inc. v. Ditec Sols., LLC*, Case No. 2:23-cv-00555-HCN-DBP (D. Utah Nov. 6, 2023) (ordering "No limits" on discovery requests).   Defendant cites cases where the parties jointly agreed upon lowering the discovery limits from the default.   *See Young Living Essential Oils, LC v. Edens Garden Essentials*, 2:24-cv-00500-TC-CMR (D. Utah), Dkt. 22-1 at 7 (joint attorney planning meeting report including limitations of discovery); *My Sweet Petunia, Inc. v. Stampin' Up! Inc*., 2-18-cv-00796 (D. Utah Jan. 4, 2019), Dkt. No. 23 at 2-3 (same); *Eagle View Techs., Inc. v. Nearmap US, Inc.,* 2:21-cv-00238 (D. Utah Jan. 10, 2022), Dkt. No. 55-1 at 3 (same).   That is not the case here, and thus, Defendant cannot meet its burden to impose discovery limits.

      **2.**    <u>**Defendant's Position**</u>

      The Court should limit the number of Requests for Production and Requests for Admission to 100 each.   These limits are consistent with the principle of proportionality that governs the scope of discovery under Fed. R. Civ. P. 26(b)(1), and are consistent with the Court's prior rulings for patent matters.   *EagleView Techs., Inc. v. Nearmap US, Inc.,* 2:21-cv-002383 (D. Utah), Dkt. No. 56 (allowing 200 maximum requests for admissions and 100 maximum requests for production for an eight-patent case); *Young Living Essential Oils, LC v. Edens Garden Essentials*, 2:24-cv-00500-TC-CMR (D. Utah), Dkt. No. 26 (allowing 25 maximum requests for admissions and 50 maximum requests for production for a one-patent case); *My Sweet Petunia, Inc. v. Stampin' Up! Inc*., 2-18-cv-00796 (D. Utah) Dkt. No 49 (allowing 100 maximum requests for admissions and 75 maximum requests for production for a three-patent case).   Given that Plaintiff is asserting six patents and the fact that all six patents-in-suit are genealogically-related to each other and share a common

specification, the limit of 100 is more than adequate for Plaintiff to obtain proportional discovery. Plaintiff's proposal to have unlimited requests is not proportional.

Dated: May 22, 2025                                    Respectfully submitted,

                                                       /s/   *Benjamin J. Everton*

                                                       **PARR BROWN GEE & LOVELESS**
                                                       D. Craig Parry

                                                       **MORGAN LEWIS BOCKIUS LLP**
                                                       Ali S. Razai
                                                       Ben J. Everton
                                                       Christian D. Boettcher

                                                       *Attorneys for Plaintiff HydraFacial LLC*


                                                       By:  /s/ *Adam M. Pace*
                                                       Adam M. Pace
                                                       (signed by Benjamin J. Everton with permission
                                                       from April Park)

                                                       Brent O. Hatch (5715)
                                                       Adam M. Pace (14278)
                                                       **Hatch Law Group PC**
                                                       22 E. 100 S., Suite 400
                                                       Salt Lake City, Utah 84111
                                                       Telephone: (801) 869-1919
                                                       hatch@hatchpc.com
                                                       pace@hatchpc.com


                                                       Lauren A. Degnan (*pro hac vice*)
                                                       Joseph V. Colaianni (*pro hac vice*)
                                                       Linhong Zhang (*pro hac vice*)
                                                       April Sunyoung Park (*pro hac vice*)
                                                       **FISH & RICHARDSON P.C.**
                                                       1000 Maine Avenue, S.W., Suite 1000
                                                       Washington, D.C. 20024
                                                       degnan@fr.com
                                                       colaianni@fr.com
                                                       lwzhang@fr.com
                                                       apark@fr.com
                                                       *Counsel for Defendant Eunsung Global Corp.*

## <u>Index of Exhibits</u>

| | |
|---|---|
| Exhibit A | Plaintiff's Proposed Scheduling Order |
| Exhibit B | Defendant's Proposed Scheduling Order |
| Exhibit C | Joint Attorney Planning Meeting Report |