# Exhibit C

D. Craig Parry, Bar No. (UT 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 S 200 E STE 700
SALT LAKE CITY, UT 84111
(801) 532-7840

Ali S. Razai (*Pro Hac Vice*)
ali.razai@morganlewis.com
Benjamin J. Everton (*Pro Hac Vice*)
ben.everton@morganlewis.com
Christian D. Boettcher (*Pro Hac Vice*)
christian.boettcher@morganlewis.com
**MORGAN LEWIS BOCKIUS LLP**
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff Hydrafacial LLC*

Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Under Fed. R. Civ. P 26(f), the Local Patent Rules (LPRs), and Judge Campbell's Patent Rules ("JCPR"), Hydrafacial LLC, formerly known as Edge Systems LLC ("Plaintiff") and Eunsung Global Corp. ("Defendant") submits this report of their Attorney Planning Meeting.

**1.   PRELIMINARY MATTERS**

| | | | | |
|---|---|---|---|---|
| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* <br><br> Plaintiff asserts claims of patent infringement. <br><br> Because Defendant has not responded to the Complaint, this list of defenses is non-exhaustive and preliminary. Defendant incorporates by reference the defenses and counterclaims from its response to the Complaint once filed. Defendant alleges that the accused instrumentalities do not infringe the asserted patents and that the asserted patents are invalid. | | |
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | | 05/16/2025 |
| c. | | Participants: *(include the name of the party and attorney, if applicable)* <br><br> Benjamin Everton, counsel for Plaintiff HydraFacial LLC <br> Christian Boettcher, counsel for Plaintiff HydraFacial LLC <br><br> Lauren Degnan, counsel for Defendant Eunsung Global Corp <br> April Park, counsel for Defendant Eunsung Global Corp | | |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. <br><br> Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |
| e. | JCPR 2(a) Initial Case Management Conference Topics: <br><br> a.  Proposed Modification of these Rules in the present litigation: <br><br>     i.  **Plaintiff's Proposal**: No changes. As explained in Plaintiff's position statement in the Joint Motion, Defendant's response to the Complaint does not affect Defendant's obligations under JCPR 4(A)(2). Further, the number of accused instrumentalities is typical of a patent case and should not require additional time for document | | | |

|  |  |  |
|---|---|---|
|  | collection and production, particularly in light of the fact that Defendant would have already gathered many of the documents for production in other proceedings. |  |
|  | ii. **Defendant's Proposal**: A short extension of the JCPR 4(A)(2) deadline for Defendant to produce all documents and things related to the Accused Instrumentalities, from June 16, 2025 to July 7, 2025. The default deadline of June 16, 2025 would only give Defendant 10 days after responding to the Complaint to produce these documents, and Defendant needs the additional requested time until July 7, 2025 to collect and produce documents after responding to the Complaint, especially given that Plaintiff has identified at least nine accused products, including components, and treatment and testing methods for the products. |  |
| b. | Scope and timing of any claim construction discovery, including disclosure and discovery of expert testimony: The parties intend to agree on a procedure regarding the scope and timing of claim construction discovery after the deadline for the provision of claim constructions and extrinsic evidence pursuant to JCPR 8(B). |  |
| c. | The format of the *Markman* hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing: The parties intend to agree on a procedure regarding the scope and timing of claim construction discovery after the deadline for the provision of claim constructions and extrinsic evidence pursuant to JCPR 8(B). The parties agree to address whether live testimony is needed after discovery. |  |
| d. | The identification and numbering of Common Exhibits pursuant to Rule 15 of the JCPRs: The parties intend to identify at least the patents-in-suit and their file histories as Common Exhibits pursuant to JCPR 15. The parties intend to identify Common Exhibits for other types of documents at a later date. |  |
| e. | If and how the parties intend to educate the Court on the technology at issue: If the Court desires a tutorial on the technology at issue, the parties intend to provide such a tutorial on the day of the *Markman* hearing. |  |

2. **PROTECTIVE ORDER**

| a. | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|

| | | |
|---|---|---|
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>The parties will stipulate to their own Protective Order and raise any disputed issues on the Protective Order with the Court, if needed. |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' stipulated protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d):<br><br>The parties will stipulate to this process at the time that the Protective Order is filed. |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order:<br><br>N/A |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below:<br><br>The parties disagree on three items: (1) whether the deadline for Defendant to produce all documents and things related to the Accused Instrumentalities should be extended from June 16, 2025 to July 7, 2025; (2) whether the deadline for the parties to submit a stipulated protective order and any | Yes ☐ | No ☒ |

|    |    | | | |
|----|----|---|---|---|
|    |    | related disputes should be June 13, 2025 or June 30, 2025; and (3) the discovery limits on Requests for Production and Requests for Admission. | | |
| b. |    | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>Plaintiff's claims for infringement of the patents-in-suit, including willfulness and damages.<br><br>Defendant's claims for invalidity, including prior art, plaintiff's knowledge of prior art, prosecution laches, and inequitable conduct.<br><br>The parties reserve the right to expand the discovery subjects after the submission of Defendant's response to the complaint. | | |
| c. |    | Discovery Phases:<br><br>The parties expect discovery to be conducted in accordance with JCPRs, which contemplate discovery in two phases. The first phase is for fact discovery, subsumed within such a fact discovery a period for claim construction discovery, and a second phase for expert discovery. | | |
| d. |    | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties will discuss and propose a protocol for searching and producing electronically stored information. | | |

4. **PRELIMINARY MATTERS AND DISCLOSURES**

|    | Item | Plaintiff's Proposal | Defendant's Proposal |
|----|------|----------------------|----------------------|
| a. | Deadline to Answer Complaint [Dkt. 62] | June 5, 2025 | June 5, 2025 |
| b. | Deadline for Plaintiff's Identification of Accused Instrumentalities [Judge Campbell Patent Rule ("JCPR") 3(A)] | May 16, 2025<br><br>[Date of Initial Case Management Conference] | May 16, 2025<br><br>[Date of Initial Case Management Conference] |
| c. | Initial Case Management Conference (Fed. R. Civ. P. 26(f) Conference) [JCPR 2(A); Dkt. 60] | May 16, 2025 | May 16, 2025 |
| e. | Deadline for Parties' Rule 26(a)(1) Initial Disclosures [Fed. R. Civ. P. 26(a)(1)(C)] | June 5, 2025 | June 5, 2025 |

| | | | |
|---|---|---|---|
| f. | Deadline to submit Stipulated Protective Order and any related disputes | **June 13, 2025** | **June 30, 2025** |
| g. | Deadline for Defendant to produce all documents and things related to the design, development, sale, offer for sale, manufacture, use and functionality of the Accused Instrumentalities made, used, sold, or imported by Defendants [JCPR 4(A)(2)] | **June 16, 2025**<br><br>[30 days after service of list of Accused Instrumentalities] | **July 7, 2025**<br><br>[30 days after Eunsung responds to the complaint] |
| h. | Deadline for Plaintiff to serve Initial Infringement Contentions [JCPR 3(B)] | August 14, 2025<br><br>[90 days after Initial Case Management Conference] | August 14, 2025 |
| i. | Plaintiff's and Defendant's disclosure of priority date of each patent (JCPR 4.B) | August 14, 2025 | August 14, 2025 |
| j. | Plaintiff and Defendant's must identify each apparatus or process (JCPR 4.C) | August 14, 2025 | August 14, 2025 |
| k. | Plaintiff must disclose the basis for claim of willfulness (JCPR 4.D) | August 14, 2025 | August 14, 2025 |
| l. | Plaintiff's and Defendant's disclosures pursuant to JCPR 4.E | August 14, 2025 | August 14, 2025 |
| m. | Parties will notify the Court regarding the status of the IPR institution decisions involving any of the asserted patents | August 26, 2025 | August 26, 2025 |
| n. | Deadline for defendant to serve Initial Invalidity Contentions [JCPR 5(A)] | September 29, 2025<br><br>[45 days after service of Initial Infringement Contentions] | September 29, 2025<br><br>[45 days after service of Initial Infringement Contentions] |

| | | | |
|---|---|---|---|
| o. | Defendant's disclosures pursuant to JCPR 6.A | September 29, 2025 | September 29, 2025 |
| p. | Deadline to file motion to amend pleadings | September 25, 2025 | September 25, 2025 |
| q. | Deadline to file motion to join parties | September 25, 2025 | September 25, 2025 |

5. **FACT DISCOVERY**

| | | | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|---|
| a. | | Maximum number of depositions by Plaintiff: | 10 | 10 |
| b. | | Maximum number of depositions by Defendant: | 10 | 10 |
| c. | | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 | 7 |
| d. | | Maximum interrogatories by any party to any party: | 25 | 25 |
| e. | | Maximum requests for admissions by any party to any party: | **No limit** | **100** |
| f. | | Maximum requests for production by any party to any party: | **No limit** | **100** |

6. **CLAIM CONSTRUCTION DEADLINES**

| | | |
|---|---|---|
| a. | Deadline for parties to exchange proposed claim terms for construction [JCR 8(A)(1)] | October 9, 2025<br><br>[10 days after initial invalidity contentions] |
| b. | Deadline for parties to meet and confer on term and phrase construction [JCPR 8(A)(2)] | October 20, 2025<br><br>[10 days after exchange of proposed claim terms for construction] |
| c. | Deadline for parties to exchange preliminary claim constructions and all intrinsic and | October 29, 2025 |

|    |    |                                                                                                                        |                                                                                                      |
|----|----|------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------|
|    |    | extrinsic evidence [JCR 8(B)(1)]                                                                                       | [20 days after exchange of proposed claim terms for construction]                                    |
| d. |    | Deadline for parties' second meet and confer to narrow issues and prepare a Joint Claim Construction Prehearing Statement (JCPR 8.B.(4)) | November 10, 2026<br><br>[10 days after exchange of proposed construction]                           |
| e. |    | Deadline for parties to file Joint Claim Construction and Prehearing Statement [JCR 8(C)]                              | November 28, 2025<br><br>[60 days after preliminary invalidity contentions]                          |
| f. |    | Deadline for claim construction discovery [JCR 8(D)]                                                                   | December 29, 2025<br><br>[30 days after Joint Claim Construction Chart]                              |
| g. |    | Deadline for patentee to serve Opening Claim Construction Brief [JCR 8(E)(1)]                                          | January 12, 2026                                                                                     |
| h. |    | Deadline for accused infringer to serve Responsive Claim Construction Brief [JCR 8(E)(2)]                              | January 26, 2026                                                                                     |
| i. |    | Deadline for patentee to serve Reply Claim Construction Brief [JCR 8(E)(3)]                                            | February 2, 2026                                                                                     |
| j. |    | Deadline for parties to exchange exhibits: [LPR 4.4]                                                                   | TBD [Day 7 Before CCH]                                                                               |
| k. |    | Tutorial of technology at issue                                                                                        | TBD [Day of CCH]                                                                                     |
| l. |    | Claim Construction Hearing [LPR 4.4]                                                                                   | TBD                                                                                                  |

7. **EXPERT DISCOVERY**

|    |    |                                                                                  |                                        |
|----|----|----------------------------------------------------------------------------------|----------------------------------------|
| a. |    | Filing of Notice of Designation required by DUCivR 26-1(a)(2)                                                             ||
|    | 1. | Parties bearing the burden of proof:                                             | 28 days after claim construction ruling |

|   |   |   |   |
|---|---|---|---|
|   | 2. | Parties not bearing the burden of proof: | 56 days after claim construction ruling |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports: | | |
|   | 1. | Parties bearing the burden of proof: | 28 days after claim construction ruling |
|   | 2. | Parties not bearing the burden of proof: | 56 days after claim construction ruling |
|   | 3. | Rebuttal reports, if any: | 84 days after claim construction ruling |
| c. | Deadline for expert discovery to close | | 35 days after rebuttal reports |
| d. | Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case | | 28 days after the deadline for completing expert witness depositions |

8. **TRIAL-RELATED INFORMATION**

|   |   |   |   |
|---|---|---|---|
| a. | | Trial: | Bench ☐   Jury ☒ |
| b. | | Trial days: | 15 days |

 

_/s/ Benjamin J. Everton_____     Date: _5_ / _22_ / _2025_
Signature and typed name of Plaintiff's Attorney (*or Party's Name if self-represented*)[2]

 

_/s/ Adam M. Pace_____     Date: _5_ / _22_ / _2025_
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)
(signed by Benjamin J. Everton with permission from April Park)

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; non-dispositive motions, if granted, affect the case but do not resolve a claim or defense.

[2] Instructions for attaching the Attorney Planning Meeting Report to a Stipulated Motion for Scheduling Order or Motion for a Scheduling Conference can be found on the court's Civil Scheduling webpage.