THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | SCHEDULING ORDER<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

Under Fed. R. Civ. P. 16(b), Judge Campbell's Patent Rule 2(A), Local Patent Rule 1.2(b)(1), and the court's Civil Case Scheduling requirements, the court enters the following Scheduling Order. The parties met and conferred but were unable to reach an agreement on all issues required to be discussed. Therefore, the parties filed a joint motion for scheduling conference [1] and competing proposed schedules.[2] Based on the court's review of the parties' proposals, the court concludes a scheduling conference is unnecessary and enters the below schedule. Accordingly, the court DENIES the parties' motion for scheduling conference.[3] These deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

---

[1] ECF No. 63.

[2] ECF No. 63-1; ECF No. 63-2.

[3] ECF No. 63.

As Defendant has not yet responded to the Complaint,[4] the below schedule includes a date for Defendant to respond to the Complaint. Plaintiff is directed to file a proposed Post-Claim Construction Scheduling Order with the remaining case deadlines within 14 days of the court entering a ruling on claim construction. The court will then set trial deadlines in the Post-Claim Construction Scheduling Order or through a case management conference.

**\*\*DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE\*\***

I. **PRELIMINARY MATTERS AND DISCLOSURES**

| | | |
|---|---|---|
| 1. | Deadline to Answer Complaint [Dkt. 62] | June 5, 2025 |
| 2. | Deadline for Plaintiff's Identification of Accused Instrumentalities [Judge Campbell Patent Rule ("JCPR") 3(A)] | May 16, 2025 [Date of Initial Case Management Conference] |
| 3. | Initial Case Management Conference (Fed. R. Civ. P. 26(f) Conference) [JCPR 2(A); Dkt. 60] | May 16, 2025 |
| 4. | Deadline for Parties' Rule 26(a)(1) Initial Disclosures [Fed. R. Civ. P. 26(a)(1)(C)] | June 5, 2025 |
| 5. | Deadline to submit Stipulated Protective Order and any related disputes | June 20, 2025 |
| 6. | Deadline for Defendant to produce all documents and things related to the design, development, sale, offer for sale, manufacture, use and functionality of the Accused Instrumentalities made, used, sold, or imported by Defendants [JCPR 4(A)(2)] | June 23, 2025 |
| 7. | Deadline for Plaintiff to serve Initial Infringement Contentions [JCPR 3(B)] | August 14, 2025 |
| 8. | Plaintiff's and Defendant's disclosure of priority date of each patent (JCPR 4.B) | August 14, 2025 |

---

[4] ECF No. 1.

| | |
|---|---|
| 9. Plaintiff and Defendant's must identify each apparatus or process (JCPR 4.C) | August 14, 2025 |
| 10. Plaintiff must disclose the basis for claim of willfulness (JCPR 4.D) | August 14, 2025 |
| 11. Plaintiff's and Defendant's disclosures pursuant to JCPR 4.E | August 14, 2025 |
| 12. Parties will notify the Court regarding the status of the IPR institution decisions involving any of the asserted patents | August 26, 2025 |
| 13. Deadline for defendant to serve Initial Invalidity Contentions [JCPR 5(A)] | September 29, 2025 [45 days after service of Initial Infringement Contentions] |
| 14. Defendant's disclosures pursuant to JCPR 6.A | September 29, 2025 |
| 15. Deadline to file motion to amend pleadings | September 25, 2025 |
| 16. Deadline to file motion to join parties | September 25, 2025 |

## II. PROTECTIVE ORDER

| | | |
|---|---|---|
| The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In particular, confidential financial information, technical information, business records, source code, and other privileged or otherwise confidential documents may be produced. The parties will stipulate to their own Protective Order and raise any disputed issues on the Protective Order with the Court, if needed. | | |

If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.

The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d):
The parties will stipulate to this process at the time that the Protective Order is filed.

If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: N/A

## III. **FACT DISCOVERY**

| | |
|---|---|
| Maximum Number of Depositions by Plaintiff | 10 |
| Maximum Number of Depositions by Defendant | 10 |
| Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
| Maximum interrogatories by any party to any party: | 25 |
| Maximum requests for admissions by any party to any party: | 100 |
| Maximum requests for production by any party to any party: | 100 |

## IV. **CLAIM CONSTRUCTION DEADLINES**

| | |
|---|---|
| 17. Deadline for parties to exchange proposed claim terms for construction [JCPR 8(A)(1)] | October 9, 2025 [10 days after initial invalidity contentions] |
| 18. Deadline for parties to meet and confer on term and phrase construction [JCPR 8(A)(2)] | October 20, 2025 [10 days after exchange of proposed claim terms for construction] |
| 19. Deadline for parties to exchange preliminary claim constructions and all intrinsic and extrinsic evidence [JCR 8(B)(1)] | October 29, 2025 [20 days after exchange of proposed claim terms for construction] |
| 20. Deadline for parties' second meet and confer to narrow issues and prepare a Joint Claim Construction Prehearing Statement [JCPR 8.B.(4)] | November 10, 2026 [10 days after exchange of proposed construction] |
| 21. Deadline for parties to file Joint Claim Construction and Prehearing Statement [JCR 8(C)] | November 28, 2025 [60 days after preliminary invalidity contentions] |
| 22. Deadline for claim construction discovery [JCR 8(D)] | December 29, 2025 [30 days after Joint Claim Construction Chart] |
| 23. Deadline for patentee to serve Opening Claim Construction Brief [JCR 8(E)(1)] | January 12, 2026 |
| 24. Deadline for accused infringer to serve Responsive Claim Construction Brief [JCR 8(E)(2)] | January 26, 2026 |
| 25. Deadline for patentee to serve Reply Claim Construction Brief [JCR 8(E)(3)] | February 2, 2026 |
| 26. Deadline for parties to exchange exhibits: [LPR 4.4] | TBD [Day 7 Before CCH] |
| 27. Tutorial of technology at issue | TBD [Day of CCH] |
| 28. Claim Construction Hearing [LPR 4.4] | TBD |

**SO ORDERED** this 27th day of May 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge