Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>     Plaintiff,<br><br> v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>     Defendants. | **DEFENDANT EUNSUNG GLOBAL CORP.'S ANSWER TO COMPLAINT**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Defendant Eunsung Global Corp. ("**Eunsung**") files this Answer to the Complaint for Patent Infringement ("Complaint"; Dkt. No. 1) filed by Plaintiff HydraFacial LLC, formerly known as Edge Systems LLC ("**HydraFacial**" or "**Plaintiff**").  Eunsung denies the allegations and characterizations in HydraFacial's Complaint unless expressly admitted in the following numbered Paragraphs, which correspond to the numbered Paragraphs in the Complaint.

## I.    THE PARTIES[1]

1.    Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.    Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and therefore denies them.

3.    Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.    Eunsung admits that it has a principal place of business at 120, Gieopdosi-ro, Jijeong-myeon, Wonju-si, Gangwon-do, Republic of Korea 26354.

5.    Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

## II.   JURISDICTION AND VENUE

6.    To the extent that Paragraph 6 contains conclusions of law, no response is necessary.  Eunsung denies any remaining allegations in Paragraph 6.

---

[1] Eunsung has adopted the headings in the Complaint for ease of reference.  However, to the extent that such headings themselves contain factual and legal characterizations, Eunsung denies such characterizations.

7.      To the extent that Paragraph 7 contains conclusions of law, no response is necessary.  Eunsung denies any remaining allegations in Paragraph 7.

8.       To the extent that Paragraph 8 contains conclusions of law, no response is necessary.  Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      To the extent that Paragraph 9 contains conclusions of law, no response is necessary.  Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.    Eunsung does not contest this Court's personal jurisdiction over Eunsung for purposes of this action only, and otherwise denies all other allegations in Paragraph 10.

11.    Eunsung does not contest this Court's personal jurisdiction over Eunsung for purposes of this action only, and otherwise denies all other allegations in Paragraph 11.

12.    To the extent that Paragraph 12 contains conclusions of law, no response is necessary.  Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.    Eunsung does not contest the propriety of venue as it relates to Eunsung at this time and for this action only.  Eunsung does not waive the right to contest the propriety of venue in another action.  Eunsung does not admit that this venue is convenient and does not waive the right to seek transfer to a more convenient forum later in this or another action.  Eunsung denies the remaining allegations in Paragraph 13.

14.     To the extent that Paragraph 14 contains conclusions of law, no response is necessary.  Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies them.

### III. <u>GENERAL ALLEGATIONS</u>

A.     <u>The HydraFacial Patents and Technology</u>

15.     Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.     Eunsung is without knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies them.

17.     To the extent that the allegations of Paragraph 17 set forth legal conclusions, no response is required.  Eunsung admits that the '502 Patent states, on its face, that it is entitled "Console System For the Treatment of Skin," and said to have issued on January 24, 2017. Eunsung admits that Exhibit 1 purports to be a copy of the '052 Patent.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 17 of the Complaint and therefore denies them.

18.     To the extent that the allegations of Paragraph 18 set forth legal conclusions, no response is required.  Eunsung admits that the '641 Patent states, on its face, that it is entitled "Tips for Skin Treatment Device" and said to have issued on July 23, 2019.  Eunsung admits that Exhibit 2 purports to be a copy of the '641 Patent.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 18 of the Complaint and therefore denies them.

19.     To the extent that the allegations of Paragraph 19 set forth legal conclusions, no response is required.  Eunsung admits that the '642 Patent states, on its face, that it is entitled "Removable Tips for Use With Skin Treatment Systems" and said to have issued on July 23, 2019.  Eunsung admits that Exhibit 3 purports to be a copy of the '642 Patent.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 18 of the Complaint and therefore denies them.

20.     To the extent that the allegations of Paragraph 20 set forth legal conclusions, no response is required.  Eunsung admits that the '477 Patent states, on its face, that it is entitled "Devices and Methods for Treating Skin" and said to have issued on September 20, 2022. Eunsung admits that Exhibit 4 purports to be a copy of the '477 Patent.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 20 of the Complaint and therefore denies them.

21.     To the extent that the allegations of Paragraph 21 set forth legal conclusions, no response is required.  Eunsung admits that the '287 Patent states, on its face, that it is entitled "Devices and Methods for Treating Skin" and said to have issued on January 9, 2024.  Eunsung admits that Exhibit 5 purports to be a copy of the '287 Patent.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     To the extent that the allegations of Paragraph 22 set forth legal conclusions, no response is required.  Eunsung admits that the '607 Patent states, on its face, that it is entitled "Devices and Methods for Treating Skin" and said to have issued on August 6, 2024.  Eunsung admits that Exhibit 6 purports to be a copy of the '607 Patent.  Eunsung is without information

sufficient to admit or deny the remaining allegations in Paragraph 22 of the Complaint and therefore denies them.

23.    To the extent that Paragraph 23 contains conclusions of law, no response is necessary.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.

**B.    Defendants' Infringing Bela MD Systems**

24.    Eunsung admits that it manufactures and exports aesthetic medical devices, and others have sold Eunsung's medical devices.  Eunsung denies any remaining allegations in Paragraph 24.

25.    Eunsung admits that it has sold certain aesthetic medical devices to Luvo and Clarion.  Upon information and belief, Eunsung understands that Luvo and Clarion sell certain aesthetic medical devices manufactured by Eunsung.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 25 of the Complaint and therefore denies them.

26.    Upon information and belief, Eunsung understands that Luvo and Clarion sell certain aesthetic medical devices in the United States.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies them.

27.    Eunsung understands that the Bela MD+ Advanced Skin Health Platform has been manufactured abroad and imported into the United States.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies them.

30.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.    Eunsung admits that it has sold the Bela MD+ Cart for Bela MD from South Korea. Eunsung admits that Exhibit 14 appears to be a bill of lading for a shipment containing the Bela MD+ Cart for Bela MD between Luvo and Eunsung, listing Seattle, Washington as the Port of Unlading.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 31 of the Complaint and therefore denies them.

32.    To the extent that Paragraph 32 contains conclusions of law, no response is necessary.  Eunsung admits that the Bela MD System may treat the skin of a patient.  Eunsung admits that what appears to be a picture or screenshot of Eunsung product is depicted in Exhibit 10.  The remaining allegations in Paragraph 32 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Eunsung denies them.

33.    To the extent that Paragraph 33 contains conclusions of law, no response is necessary.  To the extent a response is required, Eunsung denies them.

34.    To the extent that Paragraph 34 contains conclusions of law, no response is necessary.  To the extent a response is required, Eunsung denies them.

35.    To the extent that Paragraph 35 contains conclusions of law, no response is necessary.  To the extent a response is required, Eunsung denies them.  Eunsung is without

information sufficient to admit or deny the remaining allegations in Paragraph 35 of the Complaint and therefore denies them.

36.    To the extent that Paragraph 36 contains conclusions of law, no response is necessary.  To the extent a response is required, Eunsung denies them.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.    To the extent that Paragraph 37 contains conclusions of law, no response is necessary.  To the extent a response is required, Eunsung denies them.  Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.

38.    Eunsung admits it began making, using, offering for sale aesthetic medical devices in 2003.  Eunsung became familiar with aesthetic medical devices since 2003.  Eunsung denies any remaining allegations in Paragraph 38.

39.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies them.

40.    Eunsung denies that it researched HydraFacial and its patent portfolio before introducing the Bela MD System.  Eunsung denies that it visited HydraFacial's website marked on each of the HydraFacial® Systems, where the '052 Patent is marked for its hydrodermabrasion systems.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

41.    Eunsung had knowledge of the '287 and '052 Patents prior to the filing of this lawsuit.  Eunsung denies any remaining allegations in Paragraph 41 as to Eunsung.  Eunsung is

without information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

42.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies them.

43.    Eunsung is without information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint and therefore denies them.

44.    Eunsung admits that it had knowledge of the '287 Patent on May 29, 2024, when Eunsung received a letter from HydraFacial regarding its allegations of infringement.  Exhibit 18 appears to be a copy of the letter Eunsung received.  Eunsung admits that it has been aware of the '052 patent by way of HydraFacial's suit against Cartessa Aesthetics, LLC ("Cartessa"). Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies them.

45.    Eunsung denies it had actual knowledge of the '607 Patent on August 7, 2024. Eunsung is without information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

46.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung is without information sufficient to admit or deny the remaining allegations in Paragraph 46 of the Complaint and therefore denies them.

47.    Eunsung admits that HydraFacial never authorized Eunsung to make, use, offer for sale, sell, or import into the United States the Bela MD System.  Eunsung is without information

sufficient to admit or deny the allegations in Paragraph 46 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

48.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.  Eunsung denies the remaining allegations in Paragraph 48.

IV.  **<u>COUNT I</u>**
**<u>FIRST CLAIM FOR RELIEF – '052 PATENT</u>**

49.    Eunsung incorporates by reference its responses to Paragraphs 1-48.

50.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 50 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 50 of the Complaint.

51.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 51 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 51 of the Complaint.

52.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '052 patent.  To the extent that the allegations of Paragraph 52 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the allegations in Paragraph 52 of the Complaint as they relate to Eunsung.  Eunsung is without

information sufficient to admit or deny the allegations in Paragraph 52 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

53.    To the extent that the allegations of Paragraph 53 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 53 of the Complaint.

54.    To the extent that the allegations of Paragraph 54 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 54 of the Complaint.

55.    To the extent that the allegations of Paragraph 55 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 55 of the Complaint.

56.    To the extent that the allegations of Paragraph 56 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 56 of the Complaint.

57.    To the extent that the allegations of Paragraph 57 set forth legal conclusions, no response is required.  Eunsung denies that this case is an exceptional on against Eunsung but states that it is an exception case against HydraFacial.  Eunsung denies the remaining allegations in Paragraph 57 of the Complaint.

58.    To the extent that the allegations of Paragraph 58 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 58 of the Complaint.

59.    To the extent that the allegations of Paragraph 59 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 59 of the Complaint.

## V.  COUNT II
## SECOND CLAIM FOR RELIEF – '641 PATENT

60.    Eunsung incorporates by reference its responses to Paragraphs 1-59.

61.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 61 set forth legal

conclusions, no response is required.  Eunsung denies the allegations in Paragraph 61 of the Complaint.

62.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 62 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 62 of the Complaint.

63.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '641 patent. To the extent that the allegations of Paragraph 63 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the allegations in Paragraph 63 of the Complaint as they relate to Eunsung.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 63 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

64.    To the extent that the allegations of Paragraph 64 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 64 of the Complaint.

65.    To the extent that the allegations of Paragraph 65 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 65 of the Complaint.

66.    To the extent that the allegations of Paragraph 66 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 66 of the Complaint.

67.    To the extent that the allegations of Paragraph 67 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 67 of the Complaint.

68.    To the extent that the allegations of Paragraph 68 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 68 of the Complaint.

69.    To the extent that the allegations of Paragraph 69 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 69 of the Complaint.

70.    To the extent that the allegations of Paragraph 70 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 70 of the Complaint.

## VI.  COUNT III
## THIRD CLAIM FOR RELIEF – '642 PATENT

71.    Eunsung incorporates by reference its responses to Paragraphs 1-70 of the Complaint.

72.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 72 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 72 of the Complaint.

73.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 73 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 73 of the Complaint.

74.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '642 Patent.  To the extent that the allegations of Paragraph 74 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the

allegations in Paragraph 74 of the Complaint as they relate to Eunsung.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 74 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

75.    To the extent that the allegations of Paragraph 75 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 75 of the Complaint.

76.    To the extent that the allegations of Paragraph 76 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 76 of the Complaint.

77.    To the extent that the allegations of Paragraph 77 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 77 of the Complaint.

78.    To the extent that the allegations of Paragraph 78 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 78 of the Complaint.

79.    To the extent that the allegations of Paragraph 79 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 79 of the Complaint.

80.    To the extent that the allegations of Paragraph 80 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 80 of the Complaint.

81.    To the extent that the allegations of Paragraph 81 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 81 of the Complaint.

**VII. <u>COUNT IV</u>**
**<u>FOURTH CLAIM OF RELIEF –'477 PATENT</u>**

82.    Eunsung incorporates by reference its responses to Paragraphs 1-81 of the Complaint.

83.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 83 set forth legal

conclusions, no response is required.  Eunsung denies the allegations in Paragraph 83 of the Complaint.

84.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 84 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 84 of the Complaint.

85.    Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '477 Patent.  To the extent that the allegations of Paragraph 85 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the allegations in Paragraph 85 of the Complaint as they relate to Eunsung.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 85 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

86.    To the extent that the allegations of Paragraph 86 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 86 of the Complaint.

87.    To the extent that the allegations of Paragraph 87 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 87 of the Complaint.

88.    To the extent that the allegations of Paragraph 88 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 88 of the Complaint.

89.    To the extent that the allegations of Paragraph 89 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 89 of the Complaint.

90.     To the extent that the allegations of Paragraph 90 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 90 of the Complaint.

91.     To the extent that the allegations of Paragraph 91 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 91 of the Complaint.

92.     To the extent that the allegations of Paragraph 92 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 92 of the Complaint.

## VIII.    COUNT V
## FIFTH CLAIM FOR RELIEF – '287 PATENT

93.     Eunsung incorporates by reference its responses to Paragraphs 1-92.

94.     Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 94 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 49 of the Complaint.

95.     Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 95 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 95 of the Complaint.

96.     Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '287 Patent.  To the extent that the allegations of Paragraph 96 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the allegations in Paragraph 96 of the Complaint as they relate to Eunsung.  Eunsung is without

16

information sufficient to admit or deny the allegations in Paragraph 96 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

97.    To the extent that the allegations of Paragraph 97 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 97 of the Complaint.

98.    To the extent that the allegations of Paragraph 98 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 98 of the Complaint.

99.    To the extent that the allegations of Paragraph 99 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 99 of the Complaint.

100.   To the extent that the allegations of Paragraph 100 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 100 of the Complaint.

101.   To the extent that the allegations of Paragraph 101 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 101 of the Complaint.

102.   To the extent that the allegations of Paragraph 102 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 102 of the Complaint.

103.   To the extent that the allegations of Paragraph 103 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 103 of the Complaint.

## IX.  COUNT VI
### SIXTH CLAIM FOR RELIEF – '607 PATENT

104.   Eunsung incorporates by reference its responses to Paragraphs 1-104.

105.   Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 105 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 105 of the Complaint.

106.   Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  To the extent that the allegations of Paragraph 106 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 106 of the Complaint.

107.   Eunsung denies that the Accused Products infringe any valid and enforceable claims of the Asserted Patents.  Eunsung denies that it has actively induced others to infringe the '607 Patent. To the extent that the allegations of Paragraph 107 set forth legal conclusions, no response is required.  Eunsung admits that it provided and provides instructions and information to its customers of the Accused Products and components thereof.  Eunsung denies the allegations in Paragraph 107 of the Complaint as they relate to Eunsung.  Eunsung is without information sufficient to admit or deny the allegations in Paragraph 107 of the Complaint insofar as they relate to Luvo, Clarion, and MRP and therefore denies them.

108.   To the extent that the allegations of Paragraph 108 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 108 of the Complaint.

109.   To the extent that the allegations of Paragraph 109 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 109 of the Complaint.

110.   To the extent that the allegations of Paragraph 110 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 110 of the Complaint.

111.   To the extent that the allegations of Paragraph 111 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 111 of the Complaint.

112.   To the extent that the allegations of Paragraph 112 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 112 of the Complaint.

113.   To the extent that the allegations of Paragraph 113 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 113 of the Complaint.

114.   To the extent that the allegations of Paragraph 114 set forth legal conclusions, no response is required.  Eunsung denies the allegations in Paragraph 114 of the Complaint.

### [HYDRAFACIAL] PRAYER FOR RELIEF

Eunsung denies the underlying allegations of HydraFacial's Prayer for Relief against Luvo, Clariron, Eunsung and MRP, denies that HydraFacial is entitled to any relief whatsoever, and requests that the Court deny all relief to HydraFacial, enter judgment in favor of Eunsung, and award Eunsung its attorney's fees as the prevailing party in the action.

### GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Eunsung denies them.

### EUNSUNG'S ADDITIONAL DEFENSES

Without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Complaint, Eunsung asserts the following additional defenses. Eunsung reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Eunsung as they become known throughout the course of discover in this action.

### FIRST DEFENSE
#### (Failure to State a Claim)

Hydrafacial's Complaint fails to state a claim upon which any relief may be granted against Eunsung.

## SECOND DEFENSE
### (Noninfringement)

Eunsung does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Patents-In-Suit, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271.

## THIRD DEFENSE
### (Invalidity)

Each asserted claim of the Patents-In-Suit is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH DEFENSE
### (Laches, Estoppel, and/or Waiver)

HydraFacial's attempted enforcement of the Asserted Patents against Eunsung is barred, in whole or in part, by laches, estoppel, waiver, and/or acquiescence.  For example, HydraFacial's current claims against Eunsung are barred because of statements, representations, and/or admissions made during prosecution of the patent applications resulting in the Asserted Patents.   The Asserted Patents are limited based on the amendment, cancellation, and/or the abandonment of claim(s) and or admissions or representations made by or on behalf of the applicant to: (i) the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications which resulted in the Asserted Patents or any post-grant proceeding; (ii) this or another Court, tribunal, or administrative agency; (iii) Eunsung; and/or (iv) others.

Eunsung has not infringed, and is not infringing, the asserted claims of the Asserted Patents at least due in part to statements, representations, admissions, elections, positions, concessions, and filings made to the USPTO during prosecution of the applications that matured into the Asserted Patents, that, in part or collectively, constitute prosecution history estoppel and/or prosecution disclaimer barring Plaintiff from asserting the Asserted Patents claims in this case.  In addition, during prosecution of the Asserted Patents, the applicant narrowed the scope of the claims for reasons related to patentability, thereby surrendering subject matter it now seeks to recover to the extent it accuses Eunsung of infringement under the doctrine of equivalents.

Plaintiff's attempted enforcement of the Asserted Patents against Eunsung is further barred by prosecution laches.

## FIFTH DEFENSE
### (Failure To Follow Patent Marking Requirements)

Any claim for damages by HydraFacial is limited by its failure to follow the patent marking requirements set forth in 35 U.S.C. § 287, including without limitation, to the extent HydraFacial contends there are products covered by the Asserted Patents, HydraFacial's failure to mark its own products with the numbers of the Asserted Patents and/or its failure to require and/or police the marking of HydraFacial's customers and licensees.

## SIXTH DEFENSE
### (No Entitlement to Damages, Injunctive Relief, or Costs)

Eunsung denies that HydraFacial is entitled to any relief whatsoever.  To the extent HydraFacial is entitled to any damages, Eunsung assert HydraFacial's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.  HydraFacial is barred from recovering costs in connection with this action under 35 U.S.C. § 288.  HydraFacial's claims for relief are limited

by the doctrines of full compensation, exhaustion, and/or first sale, and HydraFacial is not entitled to a double recovery.

Eunsung contends any recovery of damages by HydraFacial is limited in whole or in part by 35 U.S.C. § 286, and the limitations period further bars past damages claims.  For example, HydraFacial cannot recover damages more than six years before the actual filing date of the initial Complaint in this action.

HydraFacial is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Plaintiff is not irreparable and because, had HydraFacial been injured, they would have an adequate remedy at law. As a matter of law, HydraFacial cannot satisfy the requirements applicable to their request for injunctive relief in any form.

## EXCEPTIONAL CASE

Eunsung's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.  However, HydraFacial's actions in prosecuting this case against Eunsung give rise to an exceptional case entitling Eunsung to recover attorney's fees, under 35 U.S.C. § 285, at least because HydraFacial continues to assert the '287 Patent after the Patent Trial and Appeal Board found that Eunsung's  "obviousness challenges meet the standard for institution," IPR2024-01491, Paper 17 (Apr. 11, 2025) at 16, and instituted IPR proceedings, IPR2025-00145, Paper 12 (June 2, 2025).

**RESERVATION OF ADDITIONAL DEFENSES**

Eunsung reserves the right to assert additional defenses that may surface through

discovery in this action.

**JURY DEMAND**

Eunsung hereby demands a trial by jury on all issues properly triable to a jury.

Dated: June 5, 2025                     Respectfully submitted,


                                        ___*/s/ Brent O. Hatch*_____
                                        Brent O. Hatch (5715)
                                        Adam M. Pace (14278)
                                        **Hatch Law Group PC**
                                        22 E. 100 S., Suite 400
                                        Salt Lake City, Utah 84111
                                        Telephone: (801) 869-1919
                                        hatch@hatchpc.com
                                        pace@hatchpc.com


Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Attorneys for Defendant Eunsung Global Corp*

23