Brent O. Hatch (5715)
Adam M. Pace (14278)
Hatch Law Group PC
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (pro hac vice)
Joseph V. Colaianni (pro hac vice)
Linhong Zhang (pro hac vice)
April Sunyoung Park (pro hac vice)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunson Global Corp.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **DEFENDANT'S MOTION TO EXTEND THE DEADLINE FOR DEFENDANT'S DOCUMENT PRODUCTION**<br><br>Case No.  2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Magistrate Judge: Hon. Jared C. Bennett |

**DEFENDANT'S MOTION TO EXTEND**
**THE DEADLINE FOR DEFENDANT'S DOCUMENT PRODUCTION**

Defendant Eunsung Global Corp. ("Eunsung" or "Defendant") moves the Court to enter an order extending the deadline for Defendant to produce all documents and things related to the design, development, sale, offer for sale, manufacture, use and functionality of the Accused Instrumentalities made, used, sold, or imported by Defendants according to Judge Campbell's Patent Rule 4(A)(2) ("JCPR") until the Court issues an order resovling the parties' disputes on the Protective Order.

In the Scheduing Order issued on May 27, 2025, the Court set a deadline for Defendant to produce accused instrumality documents according to JCPR 4(A)(2) by June 23, 2005, after the parties submitted a Stipulated Protective Order and any related disputes on June 20, 2025. Dkt. No. 64. This deadline is no longer practical, because the parties are still working through the terms of the Protective Order, and today the Court granted the parties' joint motion to extend the submition of the Stipulated Protective Order and any related disputes by June 25, 2025. Dkt. No. 69. The parties are working on several minor issues with the protective order, but the primary point of disagreement is whether Plaintiff's in-house counsel, and specifically those who assist in the prosecution of patents should be allowed to see Defendant's highly confidential technical information that will be produced as Confidential- Attorneys Eyes Only. The Court's standard protective order is generally acceptable to Defendant. However, Section B(2) allows those persons identified in section (B)(1)(a)-(h) to see "Attorneys' Eyes Only Information. Subsection B(1)(a) is ambiguous on this point. It states:

counsel for a party, who are acting in a legal capacity and are actively engaged in this matter;

It does not clearly prohibit disclosure of Attorneys' Eyes Only Information to in-house counsel or patent prosecution counsel, engaged on this matter and as such would not sufficiently protect Defendant's interests.[1] Defendant has offered to produce the documents subject to a temporary agreement that Plaintiff will not share the documents with in-house counsel and patent prosecution counsel until the dispute over this provision is resolved, but Plaintiff has refused to that limitation and instead insisted that Defendant produce the documents in accordance with the June 23 deadline under the standard protective order, which does not afford that protection.

Eunsung therefore respectively requests the Court to enter an order extending the deadline for its production until the parties have a chance to more fully meet and confer on this matter[2] <u>and</u> the Court resolves any disputes regarding the proposed terms of the Protective Order. Notably, the parties have already been ordered to reach an agreement on all the terms of the protective order or submit their dispute to the Court by June 25, 2025. If no agreement is reached by June 25, 2025, Defendant will produce all non-Attorneys' Eyes Only Information immediately and will produce all Attorney's Eyes Only Information immediately when the

---

[1] HydraFacial has a history of continuation practice, and therefore prosecution bar is particularly important and needed in this case.

[2] HydraFacial first provided its draft Protective Order on June 16, 2025 evening. Given the fact that HydraFacial did not follow the Court's Standard Protective Order format, Eunsung followed up with an updated draft with edits to the Court' Standard Protective Order on June 18, 2025. HydraFacial did not follow up with any edits to Eunsung's draft until the afternoon of June 20, 2025, original due date for the submission of the stipulated protective order and related disputes. The parties met and conferred for the first time this afternoon.

Court rules on this issue. Alternatively, if the Court is inclined to enter an order stating that the Court's Standard Protective Order Subsection B(1)(a) is amended to say

> counsel of record for a party (not including inhouse counsel or a Party's patent prosecution counsel), who are acting in a legal capacity and are actively engaged in this matter;

then Defendant immediatley will make a full production, including Attorney' Eyes Only Information.

Good cause exists for this relief because without it, Eunsung's interest in protecting its highly confidential technical documents from disclosure to Plaintiff's in-house and patent prosecution counsel will not be protected.

The parties met and conferred again on June 23, 2025, and Plaintiff HydraFacial LLC opposes this motion.

Dated:  June 23, 2025                                Respectfully submitted,

By: /s/ *Brent O. Hatch*
**Hatch Law Group, PC**
Brent O. Hatch (5715)
Adam M. Pace (14278)

**FISH & RICHARDSON P.C.**
Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)

*Counsel for Defendant Eunsung Global Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on June 23, 2025 with a copy of this document via the Court's CM/ECF system.

/s Brent O. Hatch