D. Craig Parry, Bar No. (UT 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 S 200 E STE 700
SALT LAKE CITY, UT 84111
(801) 532-7840

Ali S. Razai (*Pro Hac Vice*)
ali.razai@morganlewis.com
Benjamin J. Everton (*Pro Hac Vice*)
ben.everton@morganlewis.com
Christian D. Boettcher (*Pro Hac Vice*)
christian.boettcher@morganlewis.com
**MORGAN LEWIS BOCKIUS LLP**
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff HydraFacial LLC*

Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Under Fed. R. Civ. P. 26(c) and DUCivR 26-2, and consistent with the parties' representations in the Attorney Planning Meeting Report, the court finds, to expedite the exchange of discovery material and preserve the confidentiality of information, good cause exists for entry of the Stipulated Protective Order (SPO) governing the confidentiality of information.  The SPO applies to all designated information, documents, and other materials produced in this matter consistent with the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Local Rules of Practice.  The SPO applies to parties and nonparties from whom discovery may be sought, when the information needs protection.

(A) DEFINITION AND DESIGNATION OF CONFIDENTIAL AND ATTORNEY'S EYES ONLY

Designation of information under this SPO must be made by marking or labeling the information, documents, or other materials CONFIDENTIAL or ATTORNEYS' EYES ONLY, in a manner that will not interfere with its legibility.

(1) <u>CONFIDENTIAL</u>. A person or entity who produces information, documents, or other materials may designate them as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information, including confidential health information under the Health Insurance Portability and Accountability Act of 1996 and its enabling regulations.

(2) <u>ATTORNEYS' EYES ONLY.</u> A person or entity who produces information, documents, or other materials may designate them as ATTORNEYS' EYES ONLY

when they in good faith believe the information, documents, or other materials contain:

    (a) sensitive technical information including current research and development, manufacturing information, and non-public patent prosecution information that describe in detail the structure of designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means;

    (b) sensitive business information including highly sensitive financial or marketing information and the identity of suppliers, distributors, and customers (potential and actual);

    (c) competitive technical information including technical analyses or comparisons of competitor's products;

    (d) competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning; or

    (e) any other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone other than those listed in section (B)(1)(a)-(j).

(3) A person or entity may designate deposition testimony or deposition exhibits as CONFIDENTIAL or ATTORNEYS' EYES ONLY when the deposition is taken by requesting the court reporter so designate in the transcript or within 30 days of receipt of the deposition transcript by the party making the designation.

(4) In multiparty cases, a person or entity may also designate information, documents, or other materials as CONFIDENTIAL – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL – NOT TO BE DISCLOSED TO OTHER DEFENDANTS.

(5) A nonparty producing information (including testimony), documents, or other materials, or as required by a subpoena, may designate the information (including testimony), documents, or other materials as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(B) DISCLOSURE AND USE OF INFORMATION, DOCUMENTS, OR OTHER MATERIALS DESIGNATED AS CONFIDENTIAL OR ATTORNEYS' EYES ONLY

(1) CONFIDENTIAL. The parties and outside counsel for the parties must not disclose or permit the disclosure of any information, documents, or other materials designated as CONFIDENTIAL by any other party or nonparty under this SPO, except that disclosures may be made to the following:

    (a) outside counsel for a party, who are acting in a legal capacity and are actively engaged in this matter;

    (b) court personnel;

    (c) court-appointed special masters;[1]

    (d) court reporters, recorders, and videographers engaged for depositions;

    (e) court-appointed or jointly-selected mediator or arbitrator;

---

[1] A court-appointed special master who is currently serving as a magistrate judge qualifies as court personnel under section (B)(1)(b).

(f) professional jury or trial consultants and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment and Agreement to be Bound (Attachment A).

(g) technical advisor, including an outside expert, consultant, or investigator, who is not a party to the action, not presently employed by the receiving party or a company affiliated through common ownership, but has been retained to provide technical or other expert services (e.g., expert testimony or assist in litigation or trial preparation), but no disclosure shall be made until a signed Acknowledgment and Agreement to be Bound (Attachment A) has been provided to the receiving party along with (i) an up-to-date curriculum vitae of the individual, (ii) a list of other cases in which the individual has testified (at trial or deposition) within the last five (5) years; (iii) a list of all companies by which the individual has been employed or with which the individual has consulted (in connection with litigation or otherwise) within the last four (4) years and a brief description of the subject matter of the employment or consultancy[2]; and the receiving party has had 10 business days to object to the disclosure to such individual;

---

[2] If the individual believes any of this information is subject to a confidentiality obligation to a third-party, then the individual should provide whatever information the individual believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the individual shall be available to meet and confer with the Designating Party regarding any such engagement.

    (h) deposition and trial witnesses in connection with their testimony in the lawsuit to the extent that the witness was an author or recipient of the document or questioning attorney properly lays foundation that the witnesses otherwise possessed or knew the information in the document prior to the deposition;

    (i) independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

    (j) the insurer of a party to the litigation and their employees to the extent reasonably necessary to assist the party's outside counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

    (k) if those listed in sections B(1)(a)-(j) engage their partners, associates, employees, staff, or personnel to render reasonably necessary professional services, then these individuals must be advised of and subject to the provisions of this SPO and must hold the information, documents, or other materials in confidence.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and outside counsel for the parties may permit the disclosure of any information, documents, or other materials designated as ATTORNEYS' EYES ONLY by any other party or nonparty under this SPO to those identified in section (B)(1)(a)-(i) and, if those listed in sections B(1)(a)-(i) engage their partners, their partners, associates, employees, staff,

or personnel to render reasonably necessary professional services, then these individuals must be advised of and subject to the provisions of this SPO and must hold the information, documents, or other materials in confidence.

(3) Information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO must not be used for any purpose whatsoever other than preparing for and conducting the litigation in which the information, documents, or other materials were disclosed (including appeals). The parties must not disclose information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this SPO prohibits a receiving party that is a government agency from following its routine uses and sharing the information, documents, or other materials with other government agencies or self-regulatory organizations as allowed by law.

(4) Absent the written consent of the Producing Party, any person who accesses "ATTORNEYS' EYES ONLY" technical information shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of hydrodermabrasion systems (generally or as described in any patent-in-suit and including systems for treating the skin of an individual

through mechanical and/or fluid-based abrasion or exfoliation), before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not (i) preclude Counsel from participating in proceedings on behalf of a Party challenging the validity of any patent or on behalf of a Party responding to a challenge to the validity of a patent, or (ii) preclude Counsel from participating directly or indirectly in reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee as long as that Counsel is not involved with amending claims. For the purposes of clarity, "ATTORNEYS' EYES ONLY technical information" is limited to that which would qualify for protection under Section (A)(2)(a) of this order and specifically excludes information that would qualify for protection under Sections (A)(2)(b) – (e), except that if information qualifies for protection under Section (A)(2)(a) and another section, then it qualifies as "ATTORNEYS' EYES ONLY technical information," and also excludes information that could be derived from public sources, such as the inspection of a product or a published patent application. These prohibitions shall begin when the affected individual first accesses the "ATTORNEYS' EYES ONLY" technical information until one (1) year after the final termination of this action or the date the affected individual ceases to have access to the materials.

(C) INADVERTENT FAILURE TO DESIGNATE AND INADVERTENT DISCLOSURE

(1) <u>Inadvertent Failure to Designate.</u> If a party inadvertently discloses information, documents, or other materials containing CONFIDENTIAL or ATTORNEYS'

EYES ONLY information without marking or labeling it as such, the information, documents, or other materials do not lose their protected status by production. The producing party must take all steps reasonably required to assure its continued confidentiality, including: (a) providing written notice to the receiving party within 10 days of the discovery of the inadvertent production; (b) identifying the information, document, or other materials in question; and (c) simultaneously providing appropriately designated substitute copies. After receiving notice and the production of substitute copies, the receiving party must destroy or return undesignated information, documents, or other materials.

(2) Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Product Protection in Information, Documents, or Other Materials Designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Whether inadvertent or otherwise, the disclosure of any information, documents, or other materials that are subject to an objection based on attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its attorney-client privilege or work-product protection and will not estop that party or the privilege holder from designating the information or documents as attorney-client privileged or subject to work-product protection at a later date. This SPO shall be interpreted to provide the maximum protection allowed under Fed. R. Evid. 502(d).

If a person or entity inadvertently discloses information, documents, or other materials that it believes is subject to a claim of attorney-client privilege or work-product protection, the producing party may give prompt written notice to the

receiving party that the information, documents, or other materials is subject to a claim of attorney-client privilege or work-product protection and may request that it be returned to the producing party. Upon notice, regardless of whether the receiving party agrees with the claim of privilege or work-product protection, the receiving party must: (a) return the information at issue; (b) not use or disclose the materials until the matter is resolved; and (c) take reasonable steps to retrieve the information if the receiving party further disclosed it.

If the receiving party disputes that the information at issue is subject to attorney-client privilege or work-product protection, the receiving party or entity must make reasonable efforts to resolve the dispute without court assistance consistent with DUCivR 37-1(a). If the dispute cannot be resolved, the receiving party may move the court, under seal, within 45 days of the prompt written communication sent to the opposing party. The motion must follow the requirements of DUCivR 7-1(a)(4)(D). The producing party must preserve the information at issue until the claim is resolved.

(D) MAINTENANCE OF DESIGNATION

(1) Except as provided in section (B), counsel for the parties must keep all information, documents, or other materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY that are received under this SPO secure within their exclusive possession and must place the information, documents, or other materials in a secure area.

(2) All documents, including attorney notes, abstracts, and copies, that contain another's CONFIDENTIAL or ATTORNEYS' EYES ONLY information must be handled as if they were so designated.

(3) If any discovery responses, deposition transcripts, memoranda, or any other papers filed with the court include CONFIDENTIAL or ATTORNEYS' EYES ONLY information, they must be so designated and filed consistent with DUCivR 5-3.

(4) If a filing contains information, documents, or other materials that were designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by a nonparty, the party making the filing must provide prompt written notice of the filing to the nonparty.

(5) If information, documents, or other materials are reviewed by a receiving party before production, any knowledge learned during the review will be treated by the receiving party as ATTORNEYS' EYES ONLY until the information has been produced, at which time any affixed designation controls. Absent the express permission of the producing party, or as otherwise permitted by an order or rule of the court, no photograph or any other means of duplication, including electronic means, is permitted before the information is produced with the appropriate designation. Any such duplicate will be treated by the receiving party as having the same designation as the original. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and designated.

(6) Parties shall give other parties reasonable notice if they reasonably expect a deposition, or a portion of a deposition, to include Protected Material so that the

other Parties can ensure that only authorized individuals are present at the deposition or during the portion of the deposition that references Protected Material. The use of a document at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The witness during a deposition may not refuse to answer a question based on the contention that the question calls for Protected Information.

(7) If a receiving party is served a subpoena or court order, issued in a separate action, that seeks CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials, the receiving party must give prompt written notice to counsel for the producing party to allow a meaningful opportunity to challenge the subpoena or court order before the deadline to comply. No compulsory disclosure to nonparties of CONFIDENTIAL or ATTORNEYS' EYES ONLY designated information, documents, or other materials under this SPO is deemed a waiver of any claim of confidentiality, except when there is a judicial determination finding otherwise.

(E) CHALLENGES TO A DESIGNATION

(1) A party may challenge the producing party's designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY at any time.

(2) To challenge the designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must make reasonable efforts, without court assistance, to resolve the dispute. At a minimum, those efforts must include:

   (a) a prompt written communication sent to the producing party identifying the information, documents, or other materials at issue and specifying why they believe the designation is improper; and

   (b) a request that the producing party meet and confer, including suggested dates and times.

 (3) If the parties are unable to resolve the dispute after engaging in reasonable efforts in section (E)(2)(a)-(b), the receiving party may file a motion consistent with DUCivR 7-1(a)(4)(D). The motion must include a certification that states:

   (a) the parties made reasonable efforts to reach agreement on the disputed matters;

   (b) the date, time, and method of the reasonable efforts; and

   (c) the names of all participating parties or attorneys.

 (4) The producing party bears the burden of proving that the designation is proper. The producing party's failure to engage in reasonable efforts to resolve the dispute or respond to an appropriately filed motion may result in the designation as requested by the receiving party.

(F) CONCLUSION OF LITIGATION

At the conclusion of the litigation, a party may request that all information, documents, or other materials that were not filed with the court and not received into evidence and were designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this SPO, but must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law.

      Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the court, subject to all other restrictions of this SPO.

      The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law. The Department of Justice, any insurance company, or any other party must notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the court.

(G) CONTINUING JURISDICTION OF COURT TO ENFORCE THE SPO

      After the termination of this action, the court will continue to have jurisdiction to enforce this SPO.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____          _____
                                                            Hon. Jared C. Bennett
                                                            United States Magistrate Judge

ATTACHMENT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Stipulated Protective Order attached hereto and dated _____ in the case captioned *Hydrafacial LLC v. Eunsung Global Corp.*, No. 2:24-cv-00587-TC-JCB (D. Utah 2024), understand the terms and agree to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Utah in matters relating to this Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate them to use information, documents, or other materials designated as CONFIDENTIAL in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose information, documents, or other materials designated as CONFIDENTIAL to any other person, firm, or concern, except in accordance with the provisions of the Stipulated Protective Order. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

NAME: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  _____
                                                              Signature