D. Craig Parry, Bar No. (UT 7274)
cparry@parrbrown.com
**PARR BROWN GEE & LOVELESS**
101 S 200 E STE 700
SALT LAKE CITY, UT 84111
(801) 532-7840

Ali S. Razai (*Pro Hac Vice*)
ali.razai@morganlewis.com
Benjamin J. Everton (*Pro Hac Vice*)
ben.everton@morganlewis.com
Christian D. Boettcher (*Pro Hac Vice*)
christian.boettcher@morganlewis.com
**MORGAN LEWIS BOCKIUS LLP**
600 Anton Blvd., Suite 1800
Costa Mesa, CA 92626
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff Hydrafacial LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **PLAINTIFF HYDRAFACIAL LLC'S SHORT-FORM MOTION TO COMPEL**<br><br>Case No.  2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Pursuant to DUCivR 37-1, Plaintiff HydraFacial LLC ("HydraFacial") respectfully moves to compel Defendant Eunsung Global Corp. ("Eunsung") to supplement its initial disclosures, interrogatory responses to Interrogatory Nos. 1–4 and 8, and document production.  HydraFacial certifies that it made reasonable efforts to meet and confer, but Eunsung would not provide its availability to meet and confer.  For over a week, the only response HydraFacial has received on these issues was that Eunsung's presence in Korea required further delay of a meet and confer.  HydraFacial can provide documents evidencing HydraFacial's efforts upon request.

**Initial Disclosures**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires initial disclosures to include "the name, and if known, the ***address and telephone number*** of each individual likely to have discoverable information …." (emphasis added).  Eunsung's did not comply with this requirement (*see* **Exhibit 1**), and Eunsung's counsel has not confirmed it will accept service on behalf the identified individuals.  Eunsung should be compelled to provide this information.

**Judge Campbell's Patent Rule ("JCPR") 4.A.(2) Production**

JCPR 4.A.(2) required Eusung to produce "***all documents and things*** related to the design, development, sale, offer for sale, manufacture, use and functionality of Accused Instrumentalities."  Eunsung produced some design documents regarding for ***one*** Accused Product (the Hydra Touch H2/Hydracare H2/Bela MD/Skinwave).  But Eunsung produced ***one*** document regarding other Accused Products (i.e., Aqua Clean, Aqua Clean Mini, Hydra Beauty, Hydra Beauty 2, Bela MD+, and tips for use in hydrodermabrasion treatment).  Additionally, Eunsung failed to produce CAD files, bills of materials, sales records or agreements, offers for sale (e.g., advertising), manufacturing agreements, and communications related to the design, development, sale, offer for sale, manufacture, use and functionality of Accused Products.  JCPR 4.A.(2) requires

-2-

Eunsung to produce these and all other documents falling within the defined categories.  Eunsung should be compelled to do so.

**Interrogatory No. 1**

Eunsung's did not fully respond to this Interrogatory because its response does not include each of model numbers identified by HydraFacial in its Identification of Accused Instrumentalities. For example, it does not include any model numbers or other identifiers associated with the Hydra Beauty [ESK-2212HB]; Hydra Beauty 2 [ESK-2288HB]; Aqua Clean [ESK-2201AC]; and Aqua Clean Mini [ESK-2225AM].  **Exhibit 3**.  HydraFacial needs this information to proceed with this litigation, and Eunsung should be compelled to provide the requested information.

**Interrogatory Nos. 2-4 and 8**

In each of these responses, Eunsung indicated it would identify documents pursuant to Rule 33(d).  However, it has failed to do so.  *See* **Exhibit 3**.  The information sought by these interrogatories would likely be contained in the documents Eunsung was required to produce under JCPR 4.A.(2) because JCPR 4.A.(2) requires producing financial and technical documents that would show the requested information, such as Eunsung's relationship with third-party distributors.  Eunsung should be required to provide this information.

-3-

Dated: July 17, 2025                              Respectfully submitted,

                                                  /s/   *Benjamin J. Everton*

                                                  **PARR BROWN GEE & LOVELESS**
                                                  D. Craig Parry

                                                  **MORGAN LEWIS BOCKIUS LLP**
                                                  Ali S. Razai
                                                  Benjamin J. Everton
                                                  Christian D. Boettcher

                                                  *Attorneys for Plaintiff HydraFacial LLC*

## CERTIFICATE OF SERVICE

I am a citizen of the United States of America and I am employed in Orange

County, California.  I am over the age of eighteen years and not a party to the within

action.  My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, CA

92626-7653.

On July 17, 2025, I served the foregoing document on counsel shown below

via ECF:

| | |
|---|---|
| Brent O. Hatch (5715) | Lauren A. Degnan (pro hac vice) |
| Adam M. Pace (14278) | Joseph V. Colaianni (pro hac vice) |
| HATCH LAW GROUP PC | Linhong Zhang (pro hac vice) |
| 22 E. 100 S., Suite 400 | April Sunyoung Park (pro hac vice) |
| Salt Lake City, Utah 84111 | FISH & RICHARDSON P.C. |
| Telephone: (801) 869-1919 | 1000 Maine Avenue, S.W., Suite 1000 |
| hatch@hatchpc.com | Washington, D.C. 20024 |
| pace@hatchpc.com | degnan@fr.com colaianni@fr.com |
| | lwzhang@fr.com |
| | apark@fr.com |

I declare that I am employed in the office of a member of the bar of this Court

at whose direction the service was made.

Executed on July 17, 2025, at Costa Mesa, California.

_____

Vanessa Green