# Exhibit 1

Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **DEFENDANT EUNSUNG GLOBAL CORP.'S INITIAL DISCLOSURES**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Defendant Eunsung Global Corp. ("Eunsung" or "Defendant") by and through its undersigned attorneys, provide the following Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1), Local Patent Rule 2.2., and the Court's Scheduling Order, Dkt. No 64.

These Initial Disclosures are based upon information Eunsung has acquired to date, as it presently understands this information and the significance thereof, without yet having had the benefit of complete discovery from Plaintiff HydraFacial LLC, formerly known as Edge Systems, LLC ("HydraFacial" or Plaintiff). Eunsung hereby reserves the right to correct, modify, amend, retract, and/or supplement these Disclosures pursuant to Fed. R. Civ. P. 26(e). Eunsung further reserves the right to rely on any evidence disclosed at any date by any party to any other litigation or U.S. Patent & Trademark Office proceeding involving the Asserted Patents or any related patent. Eunsung makes these Disclosures subject to and without waiving any attorney-client, work-product, or other applicable privileges.

By making these Disclosures, Eunsung does not represent that it is identifying every document, tangible thing, or witness that may be relevant to the issues in this lawsuit, or on which Eunsung may rely in support of its claims or defenses. Nor does Eunsung waive its rights to object to the disclosure of any person, document or thing based on any applicable privilege, the work-product doctrine, relevancy, competency, materiality, undue burden, hearsay, or any other objection in response to any discovery request or proceeding in this case. Rather, Eunsung's Disclosures represent a good faith effort to identify information it reasonably believes is discoverable and relevant to the factual disputes alleged in the pleadings.

All of the Disclosures set forth below are made subject to the above objections and qualifications.

A.      **Rule 26(a)(1)(A)(i) – Individuals Likely To Have Discoverable Information**

Based on Eunsung's current information, the following individuals may have discoverable information that may be used to support Eunsung's claims or defenses in this action, unless solely for impeachment.  In making these Disclosures, Eunsung does not waive its rights to object, pursuant to the applicable local and federal rules, including but not limited to attorney-client privilege and work-product protection, to the deposition or trial testimony of any of the individuals listed below.  Eunsung does not authorize any other party to communicate with Eunsung's current or former employees, representatives, or agents who may have Eunsung's confidential or privileged information, or authorize any communications otherwise prohibited by all the applicable rules of professional conduct.  All such communication must be made through Eunsung's counsel, Fish & Richardson P.C., 1000 Maine Avenue SW, Suite 1000, Washington DC, 20024, telephone (202) 783-5070.

| Name, Contact Information | Connection | Subject Matter |
|---|---|---|
| One or more representatives of Plaintiff | Plaintiff representative | Knowledge about Plaintiff, including the acquisition of rights to the Asserted Patents, Plaintiff's formation and organization, Plaintiff's business, and Plaintiff's patent assertion and licensing practices and the terms of any license agreements involving the Asserted Patents. |
| Roger Ignon | Named inventor of the '287, '052, '607, '477, '641, and '642 patents | Knowledge about the Asserted Patents, including the conception, reduction to practice, prosecution and licensing of the Asserted Patents, and admitted prior art |
| Scott Mallett | Named inventor of the '287, '052, '607, '477, '641, and '642 patents | Knowledge about the Asserted Patents, including the conception, reduction to practice, prosecution and licensing of the Asserted Patents, and admitted prior art |

| Name, Contact Information | Connection | Subject Matter |
|---|---|---|
| Abraham Solano | Named inventor of the '287, '052, '607, '477, '641, and '642 patents | Knowledge about the Asserted Patents, including the conception, reduction to practice, prosecution and licensing of the Asserted Patents, and admitted prior art |
| William Cohen | Named inventor of the '287, '052, '607, '477, '641, and '642 patents | Knowledge about the Asserted Patents, including the conception, reduction to practice, prosecution and licensing of the Asserted Patents, and admitted prior art |
| Attorneys and Agents at Knobbe, Martens, Olson & Bear, LLP | Prosecuting attorneys of the '287, '052, '607, '477, '641, and '642 patents | Prosecution of the '287, '052, '607, '477, '641, and '642 patents, prior art, assignments of the '287, '052, '607, '477, '641, and '642 patents, and/or the applications from which the '287, '052, '607, '477, '641, and '642 patents issued |
| Individuals identified in Plaintiff's Initial Disclosures in this case | At least the connection(s) identified in Plaintiff's Initial Disclosures | At least the area(s) for which the individuals have been identified in Plaintiff's Initial Disclosures |
| In Gun Joung<br>Gyeong Jong Jang<br>Oh Kwon Kim<br><br>To be contacted through Eunsung's outside counsel | Employee or representative of Eunsung | May have information concerning the structure and operation of the accused products |
| Mokju Son<br><br>To be contacted through Eunsung's outside counsel | Employee or representative of Eunsung | May have information concerning the manufacture of the accused products |
| Younsung Kim<br><br>To be contacted through Eunsung's outside counsel | Employee or representative of Eunsung | May have information concerning Eunsung's licensing practices and third-party licenses, product management, marketing of the accused products, financial information for sales of accused products |

Eunsung continues to investigate persons having knowledge relevant to the facts of this case and will supplement as required.

B.  **Rule 26(a)(1)(A)(ii) – Documents and Tangible Things**

Copies of non-privileged documents in Eunsung's possession, custody, or control that Eunsung may use to support its claims and defenses (unless solely for impeachment) will be produced to Plaintiff. Virtually all documents and tangible things in Eunsung's possession, custody, or control that may be used to support Eunsung's claims and defenses are located at Eunsung's Korea office at 120, Gieopdosi-ro, Jijeong-myeon, Wonju-si, Gangwon-do, Republic of Korea 26354 and/or at the U.S. offices of Eunsung's counsel of record. The documents and tangible things include:

(1) The Patents-in-Suit and their U.S. Patent and Trademark Office prosecution histories;

(2) Documents relating to the accused products identified in Plaintiff's Complaint; and,

(3) Prior art relating to invalidity of the Patents-in-Suit.

Eunsung also believes that documents and tangible things in the possession, custody, or control of Plaintiff, its attorneys, or third parties may be relevant to the facts and issues in this action.

C.  **Rule 26(a)(1)(A)(iii) – Computation of Damages**

Eunsung has not asserted a claim for damages in this action and thus is not required to provide any disclosures under this section. Eunsung reserves the right to request reasonable attorney's fees, costs, and disbursements incurred in association with this action as provided by 35 U.S.C. § 285, including pre-judgment interest thereon, as well as any other legal or equitable relief that the Court deems just and proper.

**D.     Rule 26(a)(1)(A)(iv) – Insurance Agreement(s)**

Eunsung is currently unaware of any applicable insurance agreement.


Dated: June 5, 2025                                          Respectfully submitted,


  /s/ Brent O. Hatch  
Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com


Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Attorneys for Defendant Eunsung Global Corp*

-5-