Exhibit 2

Brent O. Hatch (5715)
Adam M. Pace (14278)
**Hatch Law Group PC**
22 E. 100 S., Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com

Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Counsel for Defendant Eunsung Global Corp.*

---

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC., CLARION MEDICAL TECHNOLOGIES, INC., EUNSUNG GLOBAL CORP., and HEALTHCARE MARKETS, INC. doing business as POWERED BY MRP,<br><br>Defendants. | **DEFENDANT EUNSUNG GLOBAL CORP'S RESPONSES TO HYDRAFACIAL LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-66)**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge: Hon. Tena Campbell<br>Judge: Hon. Jared C. Bennett |

Highly Confidential - Outside Counsel Eyes Only

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure Defendant Eunsung Global Corp. ("Eunsung" or "Defendant") hereby responds to Plaintiff HydraFacial LLC f/k/a Edge Systems, LLC ("HydraFacial" or "Plaintiff") First Set of Request for Production (Nos. 1-66).

## **GENERAL STATEMENTS AND OBJECTIONS**

The following objections are hereby incorporated into each and every response to HydraFacial's First Set of Requests for Production. The information set forth below is true and correct to the best of Eunsung's knowledge as of the date of the objection and/or response, and is subject to correction for inadvertent errors, mistakes, or omissions, if any should be found to exist. These objections and/or responses are based upon records and information presently available to Eunsung, and Eunsung's investigation of facts and discovery of information and documents relating to the claims and defenses at issue in this case is ongoing. Eunsung reserves the right to supplement these objections and/or responses with—and to introduce at trial or in any pretrial motion in this case—any and all evidence hereafter discovered by the parties in this action, including evidence from any third party.

Eunsung makes the following General Objections to the Requests for Production ("Requests") as a whole and to each and every separate request, whether or not separately set forth in each response to each Request.

1.     Eunsung objects to each and every Request to the extent it seeks information or documents protected by any applicable privilege, including but not limited to the attorney-client privilege, the work product doctrine or immunity, joint-defense privilege, common interest privilege, and any other applicable privilege, immunity, or exemption from discovery as outlined in the Federal Rules of Civil Procedure, the local rules of this District, any Court orders, and

-1-

Highly Confidential - Outside Counsel Eyes Only

applicable law.  For the sake of clarity, Eunsung hereby asserts such privileges and/or exemptions.  Any inadvertent disclosure or production of information and/or documents shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product doctrine or immunity that may attach thereto.

2.      Eunsung objects to each and every Request to the extent that it purports to require the disclosure of trade secrets or other confidential financial, commercial, strategic, or proprietary information of third parties. Eunsung further objects to each and every Request to the extent that it purports to require Eunsung to disclose or produce information in violation of a legal or contractual obligation to a third party of nondisclosure or confidentiality. Such information will not be disclosed unless the terms of the obligation have been satisfied to permit such disclosure.

3.      Eunsung objects to each and every Request to the extent it seeks information or documents: not relevant to the subject matter of this case; not proportional to the needs of the case; not reasonably calculated to lead to the discovery of admissible evidence; where the burden or expense outweighs its likely benefit; without providing a reasonable time period for information sought; or otherwise beyond the scope of relevant discovery.

4.      Eunsung objects to the "Definitions" and "Instructions" contained in HydraFacial's Requests to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this District, any Court orders, and applicable law.  Eunsung will respond to the Requests only to the extent required by these rules.

Highly Confidential - Outside Counsel Eyes Only

5.      Eunsung objects to any Request that is duplicative and/or cumulative of other discovery propounded in this case by HydraFacial.  Service of duplicative Requests squanders the parties' time and resources and creates an undue burden on Eunsung in preparing responses.

6.      Eunsung objects to the Requests to the extent that they call for disclosure of information that is not ascertainable by means of a reasonably diligent search, including without limitation information that is not maintained by Eunsung in the normal course of business or that is no longer maintained by Eunsung.  Eunsung further objects to each and every Request to the extent that the requested information is already in the possession of HydraFacial, is publicly available to HydraFacial, or can be obtained from a third party by HydraFacial.  Eunsung is not required to duplicate information that HydraFacial already has in its possession or can obtain through less burdensome means.

7.      Eunsung objects to the Definitions, Instructions, and Requests to the extent they seek information or the identification of documents not within Eunsung's possession, custody or control, or they refer to persons, entities, or events not known to Eunsung, on the grounds that such Definitions, Instructions, and Requests: (1) seek to require more of Eunsung than any obligation imposed by law; (2) subject Eunsung to unreasonable and undue burden and expense; and (3) seek to impose upon Eunsung an obligation to investigate or discover information or materials from third parties or sources that are equally accessible to HydraFacial and/or equally obtainable from more convenient or less burdensome sources.

8.      Eunsung objects to the Requests to the extent that they use terms that are not defined or understood, or are vaguely or ambiguously defined, and therefore, fail to identify with reasonable particularity the information sought.  Eunsung will not speculate as to the meaning ascribed to these terms.

Highly Confidential - Outside Counsel Eyes Only

9.      Eunsung objects to each and every Definition, Instruction, and Request to the extent that any of them give meanings to words different from their ordinary English meaning or definitions set forth in applicable statutes or rules.

10.      Eunsung objects to the Requests to the extent that they are premature and request that Eunsung set forth its contentions, respond to a question of law, analyze alleged prior art, or require an expert opinion.  Eunsung's investigation is ongoing, and Eunsung will disclose its contentions pursuant to the scheduling order in this case.

11.      Eunsung objects to each Request to the extent it calls for a legal opinion or conclusion.

12.      Eunsung's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in Eunsung's possession, custody, or control, or can be located through a reasonable search, or that such documents or information are relevant.

13.      Eunsung objects to any express or implied definition of any claim term that may be subject to claim construction in these Requests.  Eunsung's objections and responses should not be construed as agreeing with HydraFacial's definitions or use of any claim term.  Eunsung will respond to any issues regarding the construction of any claim term in accordance with the scheduling order in this case.

14.      Eunsung objects to the Requests, Definitions, and Instructions to the extent they seek identification of "all," "each," "every," or "any" information that refer or relate to a particular subject on the grounds of overbreadth, undue burden, and expense.  Eunsung has or is making a reasonable search for information relevant to the subject matter of the Requests.  If any additional, nonprivileged, nonimmune, relevant, and responsive information is discovered in the

Highly Confidential - Outside Counsel Eyes Only

course of any further or continuing searches, it will be identified and/or produced in accordance with the Federal Rules of Civil Procedure, and any other applicable Rules.

15.    Eunsung objects to each and every Request to the extent that it (i) is framed in terms that HydraFacial has not specifically defined, or (ii) fails to identify with reasonable particularity the information requested.  Eunsung objects to such Requests on the grounds that they are vague, ambiguous, and unduly broad.

16.    Eunsung objects to the Requests to the extent that they contain multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.

17.    Eunsung objects to the definition of "Defendant," "Eunsung," "You," and "Your" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include entities or individuals other than Eunsung. Eunsung responds solely on behalf of solely, and does not respond on behalf of "any predecessor, predecessor-in-interest, successor, subsidiary, affiliate, and/or division," or "any past or present principal, officer, director, employee, former employee, servant, agency, attorney, or other representative."

18.    Eunsung objects to the definition of "Accused Products" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to include any products not identified in the operative complaint in this case, and/or any current or future infringement contentions, including any amendments or supplements thereto.

19.    Eunsung objects to the definition of "person," "individual," and "entity" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose a burden that is inconsistent with or beyond that imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties.

Highly Confidential - Outside Counsel Eyes Only

20.    Eunsung objects to the definition of "foreign" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to identify any "person, individual, or other entity" who simply "conducts business outside the United States" as a "foreign" individual or entity.

21.    Eunsung objects to the definition of "document" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose a burden that is inconsistent with or beyond that imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties.

22.    Eunsung objects to the definition of "device," "thing," and "item" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose a burden that is inconsistent with or beyond that imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties.

23.    Eunsung objects to the definition of "communication" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose a burden that is inconsistent with or beyond that imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties. Eunsung additionally objects to the definition of "communication" to the extent it purports to impose an obligation to produce email or text message communications in the absence of an applicable ESI order or agreement between the parties.

24.    Eunsung objects to the definition of "Infringement" to the extent it calls for a legal conclusion.

25. Eunsung objects to the definition of "Hydrodermabrasion Product" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to impose a burden that is inconsistent with or beyond that imposed by the Federal Rules of Civil Procedure, the Court's Local Rules, any applicable court order, and/or any stipulation or agreement between the parties. Eunsung additionally objects to the definition of "Hydrodermabrasion Product" to the extent it calls for a legal conclusion."

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and things concerning Your knowledge or awareness of the Asserted Patents, including the patent applications leading thereto, prior to the filing of the Complaint leading to this Litigation.

### RESPONSE TO PRODUCTION NO. 1:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things concerning Your knowledge or awareness of the Asserted Patents." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information "concerning Your knowledge or awareness." Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Highly Confidential - Outside Counsel Eyes Only

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and things concerning Your first knowledge of Plaintiff or Plaintiff's products.

**RESPONSE TO PRODUCTION NO. 2:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things concerning Your knowledge of Plaintiff or Plaintiff's products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information "concerning Your first knowledge." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Highly Confidential - Outside Counsel Eyes Only

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 3:**

All documents, communications, and things that refer to, mention, or discuss HydraFacial, any of HydraFacial's products, and/or this Litigation, including any communications with Your customers, potential customers, or any other third party.

**RESPONSE TO PRODUCTION NO. 3:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents, communications, and things that refer to, mention, or discuss Hydrafacial, any of HydraFacial's products, and/or this Litigation" and "any communications with Your customers, potential customers, or any other third party." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business.  Eunsung further objects to this Request to the extent that it seeks documents subject to an obligation to any third party not to disclose. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or

Highly Confidential - Outside Counsel Eyes Only

documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 4:

All documents and things concerning any discussion, investigation, analysis, evaluation, review, consideration, search, or conclusion undertaken or made by You or on Your behalf concerning the patentability, Infringement, enforceability, or scope of any subject matter described in the Asserted Patents or any patents in the same patent family as the Asserted Patents.

## RESPONSE TO PRODUCTION NO. 4:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things concerning any discussion, investigation, analysis, evaluation, review, consideration, search, or conclusion undertaken or made by You or on Your behalf concerning the patentability, Infringement, enforceability, or scope of any subject matter described in the Asserted Patents or any patents in the same patent family as the Asserted Patents." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information "concerning," and "scope of any subject matter described in the Asserted Patents." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and

Highly Confidential - Outside Counsel Eyes Only

preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this

Request to the extent it prematurely seeks expert discovery. Eunsung objects to this Request to

the extent that it seeks information or documents protected by the attorney-client privilege, work

product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar

privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 5:

All advertising and promotional materials for each of the Hydrodermabrasion Products,
including without limitation all materials relating to each of the Hydrodermabrasion Products
that were displayed or distributed at trade shows.

## RESPONSE TO PRODUCTION NO. 5:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all advertising and promotional materials for each of the

Hydrodermabrasion Products" and "all materials relating to each of the Hydrodermabrasion

Products that were displayed or distributed at trade shows." Eunsung objects to this Request as

containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly

burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to

the extent it seeks information "promotional materials" and "materials relating to." Eunsung

Highly Confidential - Outside Counsel Eyes Only

objects to this Request as overly broad and unduly burdensome to the extent that it requires the

gathering and preparation of information and documents not kept in the ordinary course of

business. Eunsung further objects to this Request as unduly burdensome to the extent that the

Hydrafacial can obtain the requested documents in a less burdensome manner, including from

publicly available sources, third parties, or from materials already in Hydrafacial's possession,

custody, or control. Eunsung objects to this Request to the extent it seeks information not within

Eunsung's possession, custody, or control. Eunsung objects to this Request because it is not

reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 6:

Documents sufficient to identify any social media accounts, including Facebook,
Instagram, YouTube, and TikTok accounts, or webpages used in connection with the
Hydrodermabrasion Products, including any third-party social media accounts or webpages
advertising and/or marketing the Hydrodermabrasion Products or contacted to advertise and/or
market the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 6:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "any social media accounts, including Facebook, Instagram, YouTube,

and TikTok accounts, or webpages used in connection with Hydrodermabrasion Products."

Eunsung objects to this Request as containing multiple subparts, making the Request inherently

Highly Confidential - Outside Counsel Eyes Only

ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information "used in connection with." Eunsung objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent it seeks information not within Eunsung's possession, custody, or control. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 7:

All documents which You contend constitute prior art, or constitute evidence of prior art events, to the Asserted Patents that You believe to be material to the patentability of any claim of the Asserted Patents.

## RESPONSE TO PRODUCTION NO. 7:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents" and "any claim." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent it prematurely seeks expert discovery. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

Eunsung further incorporates by reference IPR2025-00453, IPR2025-00145, IPR2024-01491, IPR2025-00452, and IPR2025-00445.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and things concerning all searches, investigations, and/or analyses performed by You or on behalf of You concerning any prior art to the Asserted Patents.

**RESPONSE TO PRODUCTION NO. 8:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things" and "any prior art to the Asserted Patents." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent it prematurely seeks expert discovery. Eunsung

Highly Confidential - Outside Counsel Eyes Only

objects to this Request to the extent that it seeks information or documents protected by the

attorney-client privilege, work product doctrine or immunity, joint defense privilege, common

interest doctrine and/or similar privilege, including information or documents prepared in

anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

Eunsung further incorporates by reference IPR2025-00453, IPR2025-00145, IPR2024-

01491, IPR2025-00452, and IPR2025-00445.

## REQUEST FOR PRODUCTION NO. 9:

Documents and things concerning Your contention, if any, that any claim of the Asserted
Patents is invalid or unenforceable, including all documents which You contend constitute prior
art, or constitute evidence of prior art events, to the Asserted Patents that You believe to be
material to the patentability of any claim of the Asserted Patents.

## RESPONSE TO PRODUCTION NO. 9:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things concerning Your contention" and "all

documents." Eunsung further objects to this Request as overly broad and unduly burdensome to

the extent that it requires the gathering and preparation of information and documents not kept in

the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal

conclusion. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the

Highly Confidential - Outside Counsel Eyes Only

extent it requests information regarding documents that "constitute evidence of prior art events to the Asserted Patents." Eunsung objects to this Request to the extent it prematurely seeks expert discovery. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control according to the Scheduling Order.

Eunsung further incorporates by reference IPR2025-00453, IPR2025-00145, IPR2024-01491, IPR2025-00452, and IPR2025-00445.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to determine on a monthly basis Your unit sales of each of the Hydrodermabrasion Products, Your revenues on sales of each of the Hydrodermabrasion Products, Your gross and net profits on sales of each of the Hydrodermabrasion Products, and your costs on a unit basis associated with each of the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 10:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests information "on a monthly basis Your unit sales of each of the Hydrodermabrasion Products, Your revenues on sales of each of the Hydrodermabrasion

Highly Confidential - Outside Counsel Eyes Only

Products, Your gross and net profits on sales of each of the Hydrodermabrasion Products, and your costs on a unit basis associated with each of the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.  Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 11:

Documents sufficient to determine on a monthly basis Your unit sales of each of the Hydrodermabrasion Products, Your revenues on sales of each of the consumables of the Hydrodermabrasion Products for use in a hydrodermabrasion treatment, and Your gross and net profits on sales of each of the consumables of the Hydrodermabrasion Products for use in a hydrodermabrasion treatment, and your costs on a unit basis associated with each of the consumables of the Hydrodermabrasion Products for use in a hydrodermabrasion treatment.

## RESPONSE TO PRODUCTION NO. 11:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests information "on a monthly basis Your unit sales of each of the Hydrodermabrasion Products, Your revenues on sales of each of the consumables of the Hydrodermabrasion Products for use in a Hydrodermabrasion treatment, and Your gross and net

Highly Confidential - Outside Counsel Eyes Only

profits on sales of each of the consumables of the Hydrodermabrasion Products for use in a Hydrodermabrasion treatment, and your costs on a unit basis associated with each of the consumables of the Hydrodermabrasion Products for use in a hydrodermabrasion treatment." Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information regarding "consumables of the Hydrodermabrasion Products," "for use in hydrodermabrasion treatment," and "associated with each of the consumables." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Your financial statements, including statements of operations, profit and loss statements, income statements, balance sheets, statements of changes in retained earnings, lending documents, internal management reports, and any notes thereto, whether the notes are for internal or external reporting purposes, during the period where You have been designing, using, making, selling, offering to sell, or importing into the United States any of the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 12:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests information "financial statements, including statements of operations, profit and loss statements, income statements, balance sheets, statements of changes in retained earnings, lending documents, internal management reports, and any notes thereto, whether the notes are for internal or external reporting purposes, during the period where You have been designing, using, making, selling, offering to sell, or importing into the United States any of the Hydrodermabrasion Products." Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information regarding "whether the notes are for internal or external reporting purposes" and "during the period where you have been designing, using, making, selling, offering to sell, or importing." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.  Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request as unduly burdensome to the extent that Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Highly Confidential - Outside Counsel Eyes Only

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to explain Your methods of accounting for revenues, costs, and profits.

## RESPONSE TO PRODUCTION NO. 13:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests information regarding "Your methods of accounting for revenues, costs, and profits." Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information regarding "methods of accounting." Eunsung objects to this Request as unduly burdensome to the extent that Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 14:

Documents sufficient to determine Your methods of calculating and allocating costs in the ordinary course of business in determining the profits that You earned on sales of each of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 14:

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests information regarding "methods of calculating and allocating costs in the ordinary course of business in determining the profits that You earned on sales of each of the Hydrodermabrasion Products." Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information regarding "calculating and allocating costs in the ordinary course of business in determining the profits that You earned on sales of each of the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and things evidencing Your policies and practices regarding the creation, archiving, and retention of documents, including but not limited to any document retention and/or document destruction policies and practices.

**RESPONSE TO PRODUCTION NO. 15:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things evidencing your policies and practices regarding the creation, archiving, and retention of documents, including but not limited to any document retention and/or document destruction policies and practices." Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it seeks information regarding "evidencing Your policies and practices regarding the creation, archiving, and retention of documents." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

Documents sufficient to identify all previous and current wholesalers, distributors, retailers, and other entities involved in any actual channels of distribution and/or intended channels of distribution for the Hydrodermabrasion Products.

Highly Confidential - Outside Counsel Eyes Only

**RESPONSE TO PRODUCTION NO. 16:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all previous and current wholesalers, distributors, retailers, and other

entities involved in any actual channels of distribution and/or intended channels of distribution

for the Hydrodermabrasion Products." Eunsung objects to this Request as vague, ambiguous, and

inherently arbitrary to the extent it seeks information regarding "entities involved in any actual

channels of distribution and/or intended channels of distribution." Eunsung further objects to this

Request as overly broad and unduly burdensome to the extent that it requires the gathering and

preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request as containing multiple subparts, making the Request inherently

ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request because it is not

reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and things that You reviewed in responding to Plaintiff's Interrogatories,
and all documents supporting, underlying, or forming a basis for Your responses to
HydraFacial's Interrogatories.

**RESPONSE TO PRODUCTION NO. 17:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things You reviewed in responding to Plaintiff's Interrogatories, and all documents supporting, underlying, or forming a basis for Your responses." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents that "reviewed in responding to," and "supporting, underlying, or forming a basis for." Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 18:

All documents and communications relating to any effort by You to design around the Asserted Patents or any patents in the same patent family as the Asserted Patents.

## RESPONSE TO PRODUCTION NO. 18:

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and communications relating to any effort by You to design around the Asserted Patents or any patents in the same patent family as the Asserted Patents." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications that include any comparison between any of the Hydrodermabrasion Products or any component thereof and any of HydraFacial's products or any component thereof.

**RESPONSE TO PRODUCTION NO. 19:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "documents and communications that include any comparison between any of the Hydrodermabrasion Products or any component thereof and any of HydraFacial's products or any component thereof." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents that "any comparison." Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 20:**

Highly Confidential - Outside Counsel Eyes Only

All documents which describe, reflect, relate to, or authorize any change to the structure, features, capabilities, functions, or operation of any of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 20:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents which describe, reflect, relate to, or authorize any change to the structure, features, capabilities, functions, or operation of any of the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents that "describe, reflect, relate to, or authorize any change to the structure, features, capabilities, functions, or operation." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 21:

All documents provided to sales and marketing staff relating to each of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 21:

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents provided to sales and marketing staff relating to each of

the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and

unduly burdensome to the extent that it requires the gathering and preparation of information and

documents not kept in the ordinary course of business. Eunsung objects to this Request as vague,

ambiguous, and inherently arbitrary to the extent it requests information regarding documents

that "documents provided to sales and marketing staff relating to each of the Hydrodermabrasion

Products." Eunsung objects to this Request as containing multiple subparts, making the Request

inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request

because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 22:

For each of the Hydrodermabrasion Products, documents and things sufficient to identify
any price You ever charged for the product on a monthly and annual basis since You began
selling that product, including any contractual terms regarding pricing of the Hydrodermabrasion
Product with distributors, retailers, or other entities in each trade channel of the
Hydrodermabrasion Product.

## RESPONSE TO PRODUCTION NO. 22:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests "documents and things sufficient to identify any price You ever charged for the product on a monthly and annual basis since You began selling that product, including any contractual terms regarding pricing of the Hydrodermabrasion Product with distributors, retailers, or other entities in each trade channel of the Hydrodermabrasion Product." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding "contractual terms regarding pricing of the Hydrodermabrasion Product with distributors, retailers, or other entities in each trade channel." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 23:**

Highly Confidential - Outside Counsel Eyes Only

Communications relating to each of the Hydrodermabrasion Products, including communications with customers regarding the use or function of any of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 23:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "communications relating to each of the Hydrodermabrasion Products, including communications with customers regarding the use or function of any of the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "relating to each of the Hydrodermabrasion Products" and "regarding the use or function of any of the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 24:

All email and other communications that refer to any patent case, lawsuit, allegation or claim of infringement involving hydrodermabrasion or other skin-treatment devices, or serums for use in such devices.

Highly Confidential - Outside Counsel Eyes Only

**RESPONSE TO PRODUCTION NO. 24:**

 Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all email and other communications that refer to any patent case, lawsuit, allegation or claim of infringement involving hydrodermabrasion or other skin-treatment devices, or serums for use in such devices." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "that refer to any patent case, lawsuit, allegation or claim of infringement involving hydrodermabrasion or other skin-treatment devices, or serums for use in such devices." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

 Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

 Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

Highly Confidential - Outside Counsel Eyes Only

**REQUEST FOR PRODUCTION NO. 25:**

Documents concerning competitors in the market for the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 25:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents concerning competitors in the market for the

Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and

unduly burdensome to the extent that it requires the gathering and preparation of information and

documents not kept in the ordinary course of business. Eunsung objects to this Request as vague,

ambiguous, and inherently arbitrary to the extent it requests information regarding documents

"concerning competitors in the market." Eunsung objects to this Request to the extent it calls for

a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or

documents protected by the attorney-client privilege, work product doctrine or immunity, joint

defense privilege, common interest doctrine and/or similar privilege, including information or

documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request as

unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a

less burdensome manner, including from publicly available sources, third parties, or from

materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this

Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Highly Confidential - Outside Counsel Eyes Only

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to products which You contend are acceptable non-infringing alternatives for Plaintiff's products.

**RESPONSE TO PRODUCTION NO. 26:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all email and other communications that refer to any patent case, lawsuit, allegation or claim of infringement involving hydrodermabrasion or other skin-treatment devices, or serums for use in such devices." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "that refer to any patent case, lawsuit, allegation or claim of infringement involving hydrodermabrasion or other skin-treatment devices, or serums for use in such devices." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including

Highly Confidential - Outside Counsel Eyes Only

information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request to the extent it prematurely seeks expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 27:**

Documents concerning Your ownership of, or rights in, any domestic or foreign patents or patent applications that include subject matter related to the Hydrodermabrasion Products

**RESPONSE TO PRODUCTION NO. 27:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "documents concerning Your ownership of, or rights in, any domestic or foreign patents or patent applications that include subject matter related to the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "concerning Your ownership of, or rights in," and "that include subject matter related to the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it calls for a legal conclusion. Eunsung objects to this Request to the

-34-

Highly Confidential - Outside Counsel Eyes Only

extent that it seeks information or documents protected by the attorney-client privilege, work

product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar

privilege, including information or documents prepared in anticipation of litigation or for trial.

Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 28:

Market research conducted by You or on Your behalf in connection with the
Hydrodermabrasion Products, including, but not limited to, any research or studies related to the
purchasers or users of Plaintiff's products.

## RESPONSE TO PRODUCTION NO. 28:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "market research conducted by You or on Your behalf in connection

with the Hydrodermabrasion Products, including, but not limited to, any research or studies

related to the purchasers or users of Plaintiff's products." Eunsung further objects to this Request

as overly broad and unduly burdensome to the extent that it requires the gathering and

preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests

information regarding documents "in connection with the Hydrodermabrasion Products" and

"research or studies related to the purchasers or users of Plaintiff's products." Eunsung objects to

-35-

Highly Confidential - Outside Counsel Eyes Only

this Request as containing multiple subparts, making the Request inherently ambiguous,

confusing, and unduly burdensome. Eunsung objects to this Request to the extent it seeks

documents subject to an obligation to any third party not to disclose. Eunsung objects to this

Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify all vendors, websites, persons, or entities through which
You sell, offer to sell, advertise, and/or promote the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 29:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all vendors, websites, persons, or entities through which You sell, offer

to sell, advertise, and/or promote the Hydrodermabrasion Products." Eunsung further objects to

this Request as overly broad and unduly burdensome to the extent that it requires the gathering

and preparation of information and documents not kept in the ordinary course of business.

Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it

requests information regarding documents "vendors, websites, persons, or entities through which

You sell, offer to sell, advertise, and/or promote the Hydrodermabrasion Products." Eunsung

objects to this Request as containing multiple subparts, making the Request inherently

-36-

Highly Confidential - Outside Counsel Eyes Only

ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as

unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a

less burdensome manner, including from publicly available sources, third parties, or from

materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this

Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 30:

Documents concerning any inquiries or comments You have received from third parties,
customers, or potential customers relating to any of Plaintiff's products, including, but not
limited to, the inquiry or comment itself and Your response to the inquiry or comment.

## RESPONSE TO PRODUCTION NO. 30:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents concerning any inquiries or comments You have received

from third parties, customers, or potential customers relating to any of Plaintiff's products,

including, but not limited to, the inquiry or comment itself and Your response to the inquiry or

comment." Eunsung further objects to this Request as overly broad and unduly burdensome to

the extent that it requires the gathering and preparation of information and documents not kept in

the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and

inherently arbitrary to the extent it requests information regarding documents "documents

Highly Confidential - Outside Counsel Eyes Only

concerning any inquiries or comments," and "relating to any of Plaintiff's Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks documents subject to an obligation to any third party not to disclose.  Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 31:

All documents relating to Your relationship with Cartessa, including but not limited to agreements, invoices, orders, organization charts, and communications.

## RESPONSE TO PRODUCTION NO. 31:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests "all documents relating to Your relationship with Cartessa." Eunsung

further objects to this Request as overly broad and unduly burdensome to the extent that it

requires the gathering and preparation of information and documents not kept in the ordinary

course of business. Eunsung objects to this Request as vague, ambiguous, and inherently

arbitrary to the extent it requests information regarding documents "documents relating to Your

relationship." Eunsung objects to this Request as containing multiple subparts, making the

Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to

this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested

documents in a less burdensome manner, including from publicly available sources, third parties,

or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to

this Request to the extent that it seeks documents subject to an obligation to any third party not to

disclose.  Eunsung objects to this Request to the extent that it seeks information or documents

protected by the attorney-client privilege, work product doctrine or immunity, joint defense

privilege, common interest doctrine and/or similar privilege, including information or documents

prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not

reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All documents relating to Your relationship with Luvo and/or Clarion, including but not
limited to agreements, invoices, orders, organization charts, and communications.

Highly Confidential - Outside Counsel Eyes Only

**RESPONSE TO PRODUCTION NO. 32:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents relating to Your relationship with Luvo and/or Clarion." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "documents relating to Your relationship." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks documents subject to an obligation to any third party not to disclose.  Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Highly Confidential - Outside Counsel Eyes Only

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to Your relationship with MRP, including but not limited to agreements, invoices, orders, organization charts, and communications.

**RESPONSE TO PRODUCTION NO. 33:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents relating to Your relationship with MRP." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "documents relating to Your relationship." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks documents subject to an obligation to any third party not to disclose.  Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents

Highly Confidential - Outside Counsel Eyes Only

prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 34:

All documents relating to any contracts, licenses, or agreements that You entered into or contemplated entering into with any third party regarding the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 34:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents relating to any contracts, licenses, or agreements that You entered into or contemplated entering into." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "documents relating to," "contemplated entering into," and "regarding the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources,

Highly Confidential - Outside Counsel Eyes Only

third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung

objects to this Request to the extent that it seeks documents subject to an obligation to any third

party not to disclose.  Eunsung objects to this Request to the extent that it seeks information or

documents protected by the attorney-client privilege, work product doctrine or immunity, joint

defense privilege, common interest doctrine and/or similar privilege, including information or

documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request

because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and things relating to any research, testing, analysis, or assessment
conducted in connection with the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 35:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents and things relating to any research, testing, analysis, or

assessment conducted in connection with the Hydrodermabrasion Products." Eunsung further

objects to this Request as overly broad and unduly burdensome to the extent that it requires the

gathering and preparation of information and documents not kept in the ordinary course of

business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the

Highly Confidential - Outside Counsel Eyes Only

extent it requests information regarding documents "documents and things relating to" and "in connection with the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung further objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks documents subject to an obligation to any third party not to disclose. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 36:**

Documents and things relating to the manufacture of each of the Hydrodermabrasion Products, including quality control protocols, manufacturing specifications, guidelines, and manufacturing instructions.

**RESPONSE TO PRODUCTION NO. 36:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests all "documents and things relating to the manufacture of each of the

Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and

unduly burdensome to the extent that it requires the gathering and preparation of information and

documents not kept in the ordinary course of business. Eunsung objects to this Request as vague,

ambiguous, and inherently arbitrary to the extent it requests information regarding documents

"relating to the manufacture of." Eunsung objects to this Request as containing multiple

subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.

Eunsung objects to this Request to the extent that it seeks documents subject to an obligation to

any third party not to disclose.  Eunsung objects to this Request because it is not reasonably

limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 37:

All documents and things relating to any testing, analysis, assessment, or investigation of
any of Plaintiff's products.

## RESPONSE TO PRODUCTION NO. 37:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents and things relating to any testing, analysis, assessment, or

investigation of any of Plaintiff's products." Eunsung further objects to this Request as overly

Highly Confidential - Outside Counsel Eyes Only

broad and unduly burdensome to the extent that it requires the gathering and preparation of

information and documents not kept in the ordinary course of business. Eunsung objects to this

Request as vague, ambiguous, and inherently arbitrary to the extent it requests information

regarding documents "relating to any testing, analysis, assessment, or investigation of." Eunsung

objects to this Request as containing multiple subparts, making the Request inherently

ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent

that it seeks documents subject to an obligation to any third party not to disclose. Eunsung

objects to this Request to the extent that it seeks information or documents protected by the

attorney-client privilege, work product doctrine or immunity, joint defense privilege, common

interest doctrine and/or similar privilege, including information or documents prepared in

anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably

limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to identify all persons or entities to whom You have sold an
Hydrodermabrasion Product in the six years prior to the filing of the complaint in this Litigation.

**RESPONSE TO PRODUCTION NO. 38:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests "all persons or entities to whom You have sold an Hydrodermabrasion

Product in the six years prior to the filing of the complaint in this Litigation." Eunsung further

objects to this Request as overly broad and unduly burdensome to the extent that it requires the

gathering and preparation of information and documents not kept in the ordinary course of

business. Eunsung objects to this Request as containing multiple subparts, making the Request

inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to

the extent that it seeks documents subject to an obligation to any third party not to disclose.

Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can

obtain the requested documents in a less burdensome manner, including from publicly available

sources, third parties, or from materials already in Hydrafacial's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 39:

Documents concerning the sales of each the Hydrodermabrasion Products, including but
not limited to sales summaries, spreadsheets, ledgers, profit and loss statements, and any other
documents that Eunsung uses to track or assess the success of the Hydrodermabrasion Products
in the marketplace.

## RESPONSE TO PRODUCTION NO. 39:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents concerning the sales of each the Hydrodermabrasion

Products, including but not limited to sales summaries, spreadsheets, ledgers, profit and loss

Highly Confidential - Outside Counsel Eyes Only

statements, and any other documents that Eunsung uses to track or assess the success of the

Hydrodermabrasion Products in the marketplace." Eunsung further objects to this Request as

overly broad and unduly burdensome to the extent that it requires the gathering and preparation

of information and documents not kept in the ordinary course of business. Eunsung objects to

this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information

regarding documents "concerning the sales of Hydrodermabrasion Products" and "documents

that Eunsung uses to track or assess the success of the Hydrodermabrasion Products in the

marketplace." Eunsung objects to this Request as containing multiple subparts, making the

Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this

Request to the extent that it seeks information or documents protected by the attorney-client

privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine

and/or similar privilege, including information or documents prepared in anticipation of litigation

or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant

time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All documents related to projected sales of each the Hydrodermabrasion Products,
including but not limited to sales forecasts, market forecasts, sales projections, and
manufacturing orders for fulfilling anticipated sales.

**RESPONSE TO PRODUCTION NO. 40:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents related to projected sales of each the Hydrodermabrasion

Products, including but not limited to sales forecasts, market forecasts, sales projections, and

manufacturing orders for fulfilling anticipated sales." Eunsung further objects to this Request as

overly broad and unduly burdensome to the extent that it requires the gathering and preparation

of information and documents not kept in the ordinary course of business. Eunsung objects to

this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information

regarding documents "related to projected sales of each the Hydrodermabrasion Products" and

"manufacturing orders for fulfilling anticipated sales." Eunsung objects to this Request as

containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly

burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant

time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 41:

All feasibility studies, marketing plans, marketing forecasts, estimates, and projections of
market share that refer or relate to any of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 41:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests "all feasibility studies, marketing plans, marketing forecasts, estimates, and projections of market share that refer or relate to any of the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding "feasibility studies" and "refer or relate to any of the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and things reflecting safety or efficacy studies performed on the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 42:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things reflecting safety or efficacy studies performed on the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad

Highly Confidential - Outside Counsel Eyes Only

and unduly burdensome to the extent that it requires the gathering and preparation of information

and documents not kept in the ordinary course of business. Eunsung objects to this Request as

vague, ambiguous, and inherently arbitrary to the extent it requests information regarding

documents "reflecting safety or efficacy studies." Eunsung objects to this Request as containing

multiple subparts, making the Request inherently ambiguous, confusing, and unduly

burdensome. Eunsung objects to this Request because it is not reasonably limited to any relevant

time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 43:

All documents and things referring or relating to any meeting, discussion, or
communication with Plaintiff, any third party, or any non-party concerning the Asserted Patents
or any patents in the same patent family as the Asserted Patents.

## RESPONSE TO PRODUCTION NO. 43:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents and things referring or relating to any meeting,

discussion, or communication with Plaintiff, any third party, or any non-party concerning the

Asserted Patents or any patents in the same patent family as the Asserted Patents." Eunsung

further objects to this Request as overly broad and unduly burdensome to the extent that it

requires the gathering and preparation of information and documents not kept in the ordinary

course of business. Eunsung objects to this Request as vague, ambiguous, and inherently

arbitrary to the extent it requests information regarding documents "referring to or relating to"

and "concerning the Asserted Patents or any patents in the same family as the Asserted Patents."

Eunsung objects to this Request as containing multiple subparts, making the Request inherently

ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly

burdensome to the extent that the Hydrafacial can obtain the requested documents in a less

burdensome manner, including from publicly available sources, third parties, or from materials

already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the

extent that it seeks information or documents protected by the attorney-client privilege, work

product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar

privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 44:

Documents and things sufficient to identify all brands, models, product names, internal
names, product numbers, and SKU codes for each of the Hydrodermabrasion Products, including
for any iterations of each of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 44:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all brands, models, product names, internal names, product numbers,

and SKU codes for each of the Hydrodermabrasion Products, including for any iterations of each

of the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad

Highly Confidential - Outside Counsel Eyes Only

and unduly burdensome to the extent that it requires the gathering and preparation of information

and documents not kept in the ordinary course of business. Eunsung objects to this Request as

vague, ambiguous, and inherently arbitrary to the extent it requests information regarding

documents "any iterations of each of the Hydrodermabrasion Products." Eunsung objects to this

Request as containing multiple subparts, making the Request inherently ambiguous, confusing,

and unduly burdensome. Eunsung objects to this Request because it is not reasonably limited to

any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 45:

Documents sufficient to identify all present employees, past employees, consultants, and
contract employees, whether full- or part-time, whose responsibilities or assignments include
work concerning the design, research, development, analysis, testing, manufacturing, purchase,
marketing, importation, exportation or sale of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 45:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all present employees, past employees, consultants, and contract

employees, whether full- or part-time, whose responsibilities or assignments include work

concerning the design, research, development, analysis, testing, manufacturing, purchase,

marketing, importation, exportation or sale of the Hydrodermabrasion Products." Eunsung

further objects to this Request as overly broad and unduly burdensome to the extent that it

requires the gathering and preparation of information and documents not kept in the ordinary

course of business. Eunsung objects to this Request as vague, ambiguous, and inherently

arbitrary to the extent it requests information regarding documents "whose responsibilities

assignments include work concerning." Eunsung objects to this Request as containing multiple

subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.

Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 46:

Documents sufficient to identify all third parties that worked with You or on Your behalf concerning the conception, design, development, implementation, testing, and manufacturing of the Hydrodermabrasion Products and all documents received by You from such third parties concerning such work.

## RESPONSE TO PRODUCTION NO. 46:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all third parties that worked with You or on Your behalf concerning the

conception, design, development, implementation, testing, and manufacturing of the

Hydrodermabrasion Products and all documents received by You from such third parties

concerning such work." Eunsung further objects to this Request as overly broad and unduly

Highly Confidential - Outside Counsel Eyes Only

burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "worked with You or on Your behalf concerning" and "documents received by You from such third parties concerning such work." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent it seeks documents subject to an obligation to any third party not to disclose. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 47:

Documents and things sent to or from any person substantively involved in the research, design, development, marketing, importation, or sale of the Hydrodermabrasion Products regarding the research, design, development, marketing, importation, or sale of the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 47:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "documents and things sent to or from any person substantively involved in the research, design, development, marketing, importation, or sale of the

Highly Confidential - Outside Counsel Eyes Only

Hydrodermabrasion Products regarding the research, design, development, marketing,

importation, or sale of the Hydrodermabrasion Products." Eunsung further objects to this

Request as overly broad and unduly burdensome to the extent that it requires the gathering and

preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests

information regarding documents "substantively involved" and "regarding the research, design,

development, marketing, importation, or sale." Eunsung objects to this Request as containing

multiple subparts, making the Request inherently ambiguous, confusing, and unduly

burdensome. Eunsung objects to this Request to the extent it seeks documents subject to an

obligation to any third party not to disclose. Eunsung objects to this Request to the extent that it

seeks information or documents protected by the attorney-client privilege, work product doctrine

or immunity, joint defense privilege, common interest doctrine and/or similar privilege,

including information or documents prepared in anticipation of litigation or for trial. Eunsung

objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 48:**

One sample of each model of each of the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 48:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

Highly Confidential - Outside Counsel Eyes Only

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "one samples of each model of each of the Hydrodermabrasion

Products." Eunsung objects to this Request as unduly burdensome to the extent that the

Hydrafacial can obtain the requested documents in a less burdensome manner, including from

publicly available sources, third parties, or from materials already in Hydrafacial's possession,

custody, or control. Eunsung objects to this Request as containing multiple subparts, making the

Request inherently ambiguous, confusing, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 49:

Two samples of each consumable for use with the Hydrodermabrasion Products for
performing a hydrodermabrasion treatment.

## RESPONSE TO PRODUCTION NO. 49:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "two samples of each consumable for use with the Hydrodermabrasion

Products for performing a hydrodermabrasion treatment." Eunsung objects to this Request as

unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a

less burdensome manner, including from publicly available sources, third parties, or from

materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this

Request as containing multiple subparts, making the Request inherently ambiguous, confusing,

Highly Confidential - Outside Counsel Eyes Only

and unduly burdensome. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding "each consumable for use with the Hydrodermabrasion Products for performing a hydrodermabrasion treatment."

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 50:**

Marketing plans, business plans, strategic plans, operating plans, financial plans, and sales plans concerning the Hydrodermabrasion Products.

**RESPONSE TO PRODUCTION NO. 50:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "marketing plans, business plans, strategic plans, operating plans, financial plans, and sales plans concerning the Hydrodermabrasion Products." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "concerning the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar

Highly Confidential - Outside Counsel Eyes Only

privilege, including information or documents prepared in anticipation of litigation or for trial.

Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 51:

All documents and things showing the marketing strategy for the Hydrodermabrasion Products, to whom You marketed and/or are marketing the Hydrodermabrasion Products, and the type of customer or purchaser who buys or is offered the Hydrodermabrasion Products, including any product analyses of the Hydrodermabrasion Products and any testing done to substantiate market claims.

## RESPONSE TO PRODUCTION NO. 51:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "all documents and things showing the marketing strategy for the Hydrodermabrasion Products, to whom You marketed and/or are marketing the Hydrodermabrasion Products, and the type of customer or purchaser who buys or is offered the Hydrodermabrasion Products, including any product analyses of the Hydrodermabrasion Products and any testing done to substantiate market claims." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "showing the marketing strategy," "type of customer or purchaser who buys or is offered," "product analyses," and "any testing done to substantiate

market claims." Eunsung objects to this Request as containing multiple subparts, making the

Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this

Request to the extent it seeks documents subject to an obligation to any third party not to

disclose. Eunsung objects to this Request to the extent that it seeks information or documents

protected by the attorney-client privilege, work product doctrine or immunity, joint defense

privilege, common interest doctrine and/or similar privilege, including information or documents

prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not

reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

## REQUEST FOR PRODUCTION NO. 52:

Documents and things showing or describing demonstrations of the Hydrodermabrasion
Products, including those held at industry trade shows or other meetings within the United States
and including all documents concerning any products or materials distributed by You to third
parties at such demonstrations.

## RESPONSE TO PRODUCTION NO. 52:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things showing or describing demonstrations of the

Hydrodermabrasion Products, including those held at industry trade shows or other meetings

within the United States and including all documents concerning any products or materials

distributed by You to third parties at such demonstrations." Eunsung further objects to this

Highly Confidential - Outside Counsel Eyes Only

Request as overly broad and unduly burdensome to the extent that it requires the gathering and

preparation of information and documents not kept in the ordinary course of business. Eunsung

objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests

information regarding documents "showing or describing demonstrations," and "concerning any

products or materials distributed." Eunsung objects to this Request as containing multiple

subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.

Eunsung objects to this Request to the extent it seeks documents subject to an obligation to any

third party not to disclose. Eunsung objects to this Request as unduly burdensome to the extent

that the Hydrafacial can obtain the requested documents in a less burdensome manner, including

from publicly available sources, third parties, or from materials already in Hydrafacial's

possession, custody, or control. Eunsung objects to this Request because it is not reasonably

limited to any relevant time frame.

     Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

     To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 53:

     Documents sufficient to identify all of Eunsung's officers, directors, and managing
agents from the earliest date that development or planning for the earliest developed of the
Hydrodermabrasion Products began through the present.

## RESPONSE TO PRODUCTION NO. 53:

     Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

Highly Confidential - Outside Counsel Eyes Only

to the extent it requests all "documents sufficient to identify all of Eunsung's officers, directors, and managing agents from the earliest date that development or planning for the earliest developed of the Hydrodermabrasion Products began through the present." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "development or planning for the earliest developed." Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 54:

Documents that reference or discuss the internal organization of Eunsung, including but not limited to:

(a)    the relationship between Eunsung and any of its parents, subsidiaries, or affiliates;
(b)    the organization of Eunsung's engineering, designing, testing, and research and development functions,    to    the    extent    that any such    functions    relate    to the Hydrodermabrasion Products; and
(c)    the organization of Eunsung's distribution, marketing, sale, licensing, export, and import functions, to the extent that any such functions relate to the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 54:

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "documents that reference or discuss" all of the listed subject matter. Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "reference or discuss," "relationship between," "organization of . . . functions," and "functions relate to the Hydrodermabrasion Products." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 55:**

Documents and things concerning any proposed or actual discontinuance and/or phase-out of the Hydrodermabrasion Products, including any models or variations thereof.

**RESPONSE TO PRODUCTION NO. 55:**

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things concerning any proposed or actual

discontinuance and/or phase-out of the Hydrodermabrasion Products, including any models or

variations thereof." Eunsung further objects to this Request as overly broad and unduly

burdensome to the extent that it requires the gathering and preparation of information and

documents not kept in the ordinary course of business. Eunsung objects to this Request as vague,

ambiguous, and inherently arbitrary to the extent it requests information regarding documents

"concerning any proposed or actual discontinuance and/or phase-out." Eunsung objects to this

Request as containing multiple subparts, making the Request inherently ambiguous, confusing,

and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent

that the Hydrafacial can obtain the requested documents in a less burdensome manner, including

from publicly available sources, third parties, or from materials already in Hydrafacial's

possession, custody, or control. Eunsung objects to this Request to the extent that it seeks

information or documents protected by the attorney-client privilege, work product doctrine or

immunity, joint defense privilege, common interest doctrine and/or similar privilege, including

information or documents prepared in anticipation of litigation or for trial. Eunsung objects to

this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

Highly Confidential - Outside Counsel Eyes Only

**REQUEST FOR PRODUCTION NO. 56:**

Documents sufficient to show the costs or expenses associated with the design, research, development, manufacture, importation, marketing, sale, or distribution of the Hydrodermabrasion Products from the commencement of such activities to the present.

**RESPONSE TO PRODUCTION NO. 56:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "documents sufficient to show the costs or expenses associated with the design, research, development, manufacture, importation, marketing, sale, or distribution of the Hydrodermabrasion Products from the commencement of such activities to the present." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "costs or expenses associated with." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All documents and things provided to, reviewed by, or prepared for or by any person whom You expect to provide testimony (written or oral) as a fact or expert witness at any hearing or trial in this Litigation, including all documents such person(s) plan to use, refer to, or rely on in connection with such testimony.

Highly Confidential - Outside Counsel Eyes Only

**RESPONSE TO PRODUCTION NO. 57:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents and things provided to, reviewed by, or prepared for or

by any person whom You expect to provide testimony (written or oral) as a fact or expert witness

at any hearing or trial in this Litigation, including all documents such person(s) plan to use, refer

to, or rely on in connection with such testimony." Eunsung further objects to this Request as

overly broad and unduly burdensome to the extent that it requires the gathering and preparation

of information and documents not kept in the ordinary course of business. Eunsung objects to

this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information

regarding documents "provided to, reviewed by, or prepared for or by any person" and "plan to

use, refer to, or rely on in connection with." Eunsung objects to this Request as containing

multiple subparts, making the Request inherently ambiguous, confusing, and unduly

burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the

Hydrafacial can obtain the requested documents in a less burdensome manner, including from

publicly available sources, third parties, or from materials already in Hydrafacial's possession,

custody, or control. Eunsung objects to this Request to the extent that it seeks information or

documents protected by the attorney-client privilege, work product doctrine or immunity, joint

defense privilege, common interest doctrine and/or similar privilege, including information or

documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request to

the extent it prematurely seeks expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Highly Confidential - Outside Counsel Eyes Only

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 58:**

Documents and things that You may offer into evidence, submit to the Court, or otherwise use in any way at any hearing in this Litigation.

**RESPONSE TO PRODUCTION NO. 58:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "documents and things that You may offer into evidence, submit to the Court, or otherwise use in any way at any hearing in this Litigation." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "may offer into evidence, submit to the Court, or otherwise use in any way at any hearing." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared

Highly Confidential - Outside Counsel Eyes Only

in anticipation of litigation or for trial. Eunsung objects to this Request to the extent it prematurely seeks expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 59:**

Biographies, each publication of any kind published (including on the Internet), personnel records, curriculum vitae, and resumes sufficient to provide an educational and work history for each fact and expert witness You intend to call in this Litigation.

**RESPONSE TO PRODUCTION NO. 59:**

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests all "biographies, each publication of any kind published (including on the Internet), personnel records, curriculum vitae, and resumes sufficient to provide an educational and work history for each fact and expert witness You intend to call in this Litigation." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding "biographies," "publication of any kind," and "educational and work history." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can

Highly Confidential - Outside Counsel Eyes Only

obtain the requested documents in a less burdensome manner, including from publicly available

sources, third parties, or from materials already in Hydrafacial's possession, custody, or control.

Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and

scope of this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All documents and things requested to be identified in HydraFacial's interrogatories to
You in this Litigation or identified in Your responses thereto.

**RESPONSE TO PRODUCTION NO. 60:**

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests "all documents and things requested to be identified in HydraFacial's

interrogatories to You in this Litigation or identified in Your responses thereto." Eunsung further

objects to this Request as overly broad and unduly burdensome to the extent that it requires the

gathering and preparation of information and documents not kept in the ordinary course of

business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the

extent it requests information regarding documents "requested to be identified." Eunsung objects

to this Request as containing multiple subparts, making the Request inherently ambiguous,

confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to

the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner,

including from publicly available sources, third parties, or from materials already in

Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent it

seeks documents subject to an obligation to any third party not to disclose. Eunsung objects to

this Request to the extent that it seeks information or documents protected by the attorney-client

privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine

and/or similar privilege, including information or documents prepared in anticipation of litigation

or for trial. Eunsung objects to this Request to the extent it prematurely seeks expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Eunsung incorporates by references its objections and responses to the interrogatories.

To the extent this Request is understood and such documents or things exist and can be found

after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 61:

Documents and things referenced, relied upon, or consulted in forming a response to any
interrogatory, request for admission, or request for production served on You in this Litigation.

## RESPONSE TO PRODUCTION NO. 61:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things referenced, relied upon, or consulted in

forming a response to any interrogatory, request for admission, or request for production served

on You in this Litigation." Eunsung further objects to this Request as overly broad and unduly

burdensome to the extent that it requires the gathering and preparation of information and

documents not kept in the ordinary course of business. Eunsung objects to this Request as vague,

ambiguous, and inherently arbitrary to the extent it requests information regarding documents "referenced, relied upon, or consulted in forming a response." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent it seeks document subject to an obligation to any third party not to disclose. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request to the extent it prematurely seeks expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung incorporates by references its objections and responses to the interrogatories, requests for admission, and requests for production.  To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 62:

Documents and things provided to You by any non-party pursuant to any formal or informal document request or any subpoena issued in this Litigation.

## RESPONSE TO PRODUCTION NO. 62:

Highly Confidential - Outside Counsel Eyes Only

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things provided to You by any non-party pursuant to

any formal or informal document request or any subpoena issued in this Litigation." Eunsung

further objects to this Request as overly broad and unduly burdensome to the extent that it

requires the gathering and preparation of information and documents not kept in the ordinary

course of business. Eunsung objects to this Request as vague, ambiguous, and inherently

arbitrary to the extent it requests information regarding documents "pursuant to any formal or

informal document request or any subpoena issued in this Litigation." Eunsung objects to this

Request as containing multiple subparts, making the Request inherently ambiguous, confusing,

and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent

that the Hydrafacial can obtain the requested documents in a less burdensome manner, including

from publicly available sources, third parties, or from materials already in Hydrafacial's

possession, custody, or control. Eunsung objects to this Request to the extent it seeks document

subject to an obligation to any third party not to disclose. Eunsung objects to this Request to the

extent that it seeks information or documents protected by the attorney-client privilege, work

product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar

privilege, including information or documents prepared in anticipation of litigation or for trial.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

Highly Confidential - Outside Counsel Eyes Only

To the extent this Request is understood and such documents or things exist and can be found after a reasonable search, Eunsung will produce or make available for inspection relevant, responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 63:

To the extent available, English language translations of any foreign language documents produced in response to these requests for production.

## RESPONSE TO PRODUCTION NO. 63:

Eunsung restates and incorporates its General Objections as if fully set forth herein. Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests "English language translations of any foreign language documents produced in response to these requests for production." Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "to the extent available." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Highly Confidential - Outside Counsel Eyes Only

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

## REQUEST FOR PRODUCTION NO. 64:

Documents and things regarding customer or end consumer feedback, including complaints, relating to hydrodermabrasion features on the Hydrodermabrasion Products, regardless of the complaint's country of origin, including documents regarding any action taken in response to the feedback.

## RESPONSE TO PRODUCTION NO. 64:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things regarding customer or end consumer feedback,

including complaints, relating to hydrodermabrasion features on the Hydrodermabrasion

Products, regardless of the complaint's country of origin, including documents regarding any

action taken in response to the feedback." Eunsung further objects to this Request as overly

broad and unduly burdensome to the extent that it requires the gathering and preparation of

information and documents not kept in the ordinary course of business. Eunsung objects to this

Request as vague, ambiguous, and inherently arbitrary to the extent it requests information

regarding documents "regarding customer or end consumer feedback," "relating to

hydrodermabrasion features," and "including documents regarding any action in response to the

feedback." Eunsung objects to this Request as containing multiple subparts, making the Request

inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as

unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a

less burdensome manner, including from publicly available sources, third parties, or from

materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this

Highly Confidential - Outside Counsel Eyes Only

Request to the extent it seeks document subject to an obligation to any third party not to disclose.

Eunsung objects to this Request to the extent that it seeks information or documents protected by

the attorney-client privilege, work product doctrine or immunity, joint defense privilege,

common interest doctrine and/or similar privilege, including information or documents prepared

in anticipation of litigation or for trial. Eunsung objects to this Request because it is not

reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 65:

Copies of Plaintiff's documents in Your possession, custody, or control, including,
without limitation, all manuals, schematics, drawings, blueprints, block diagrams, software, and
manufacturing, marketing, advertising, and promotional documents.

## RESPONSE TO PRODUCTION NO. 65:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "copies of Plaintiff's documents in Your possession, custody, or

control, including, without limitation, all manuals, schematics, drawings, blueprints, block

diagrams, software, and manufacturing, marketing, advertising, and promotional documents."

Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that

it requires the gathering and preparation of information and documents not kept in the ordinary

course of business. Eunsung objects to this Request as vague, ambiguous, and inherently

Highly Confidential - Outside Counsel Eyes Only

arbitrary to the extent it requests information regarding documents "manuals, schematics,

drawings, blueprints, block diagrams, software, manufacturing, marketing, advertising, and

promotional documents." Eunsung objects to this Request as containing multiple subparts,

making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects

to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested

documents in a less burdensome manner, including from publicly available sources, third parties,

or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to

this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung

responds as follows:

To the extent this Request is understood and such documents or things exist and can be

found after a reasonable search, Eunsung will produce or make available for inspection relevant,

responsive, non-privileged documents or things in Eunsung's possession, custody, and control.

## REQUEST FOR PRODUCTION NO. 66:

Documents and things concerning Your post-sale interactions with customers for sales of
the Hydrodermabrasion Products, including documents and things concerning assembly,
trainings, and post-use instructions for the Hydrodermabrasion Products.

## RESPONSE TO PRODUCTION NO. 66:

Eunsung restates and incorporates its General Objections as if fully set forth herein.

Eunsung objects to this Request as overly broad, unduly burdensome, not proportionate to the

needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

to the extent it requests all "documents and things concerning Your post-sale interactions with

customers for sales of the Hydrodermabrasion Products, including documents and things

concerning assembly, trainings, and post-use instructions for the Hydrodermabrasion Products."

Eunsung further objects to this Request as overly broad and unduly burdensome to the extent that

Highly Confidential - Outside Counsel Eyes Only

it requires the gathering and preparation of information and documents not kept in the ordinary course of business. Eunsung objects to this Request as vague, ambiguous, and inherently arbitrary to the extent it requests information regarding documents "concerning Your post-sale interactions with customers for sales" and "concerning assembly, trainings, and post-use instructions." Eunsung objects to this Request as containing multiple subparts, making the Request inherently ambiguous, confusing, and unduly burdensome. Eunsung objects to this Request as unduly burdensome to the extent that the Hydrafacial can obtain the requested documents in a less burdensome manner, including from publicly available sources, third parties, or from materials already in Hydrafacial's possession, custody, or control. Eunsung objects to this Request to the extent that it seeks information or documents protected by the attorney-client privilege, work product doctrine or immunity, joint defense privilege, common interest doctrine and/or similar privilege, including information or documents prepared in anticipation of litigation or for trial. Eunsung objects to this Request because it is not reasonably limited to any relevant time frame.

Subject to and without waiving the foregoing General and Specific Objections, Eunsung responds as follows:

Eunsung is willing to meet and confer with Hydrafacial regarding the relevance and scope of this Request.

Dated: June 18, 2025                    Respectfully submitted,


                                        /s/ Adam M. Pace
                                        Brent O. Hatch (5715)
                                        Adam M. Pace (14278)
                                        **Hatch Law Group PC**
                                        22 E. 100 S., Suite 400
                                        Salt Lake City, Utah 84111

Highly Confidential - Outside Counsel Eyes Only

Telephone: (801) 869-1919
hatch@hatchpc.com
pace@hatchpc.com


Lauren A. Degnan (*pro hac vice*)
Joseph V. Colaianni (*pro hac vice*)
Linhong Zhang (*pro hac vice*)
April Sunyoung Park (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
degnan@fr.com
colaianni@fr.com
lwzhang@fr.com
apark@fr.com

*Attorneys for Defendant Eunsung Global Corp*