# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC,<br><br>Plaintiff,<br>v.<br><br>LUVO MEDICAL TECHNOLOGIES, INC.; CLARION MEDICAL TECHNOLOGIES, INC.; EUNSUNG GLOBAL CORP.; and HEALTHCARE MARKETS, INC. dba POWERED BY MRP,<br><br>Defendants. | **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST EUNSUNG GLOBAL CORP.**<br><br>Case No. 2:24-cv-00587-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Based on the Joint Motion for Entry of Consent Judgment and Permanent Injunction filed on August 7, 2025 (ECF No. 86), and for good cause appearing,

IT IS HEREBY ORDERED as follows:

1. That this court has subject matter jurisdiction over this action as well as personal jurisdiction over Plaintiff and Defendant.

2. That venue is proper in this judicial district.

3. That HydraFacial owns each of U.S. Patent Nos. 9,550,052 (the "'052 Patent"); 11,446,477 (the "'477 Patent"); 11,865,287 (the "'287 Patent"); 12,053,607 (the "'607 Patent"); 10,357,641 (the "'641 Patent"); and 10,357,642 (the "'642 Patent") (collectively, the "Asserted Patents").

4. That, through March 29, 2026, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with their officers, directors, agents, servants, employees and affiliates

thereof, representatives, and all other persons acting or attempting to act in concert or participation with them, is permanently enjoined and restrained from making, using, selling, offering for sale, importing, advertising, marketing, promoting, and importing into the United States each of the Bela MD and the Bela MD+ products or any product that is no more than colorably different therefrom. For the avoidance of doubt, Defendant may provide and/or import into the United States replacement Bela MD, Bela MD+, and/or replacement parts to honor express warranty obligations for Eunsung products distributed by Luvo Medical Technologies, Inc., Clarion Medical Technologies Inc., or Healthcare Markets, Inc.

5. That Defendant take nothing by way of this Final Judgment.

6. That this Final Consent Judgment and Permanent Injunction are entered into pursuant to a settlement agreement between Plaintiff and Defendant.

7. That all other claims and counterclaims are dismissed <u>without</u> prejudice.

8. That nothing contained in this Final Consent Judgment and Permanent Injunction shall affect any of Plaintiff's rights against any third party, including but not limited to any of Defendant's manufacturers, customers, or distributors.

9. That the parties affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

10. That this court retain jurisdiction over this matter to enforce compliance with the Permanent Injunction.

11. That each party will bear its own costs and attorneys' fees for this action.

12. The court directs the Clerk of Court to close this action.

SO ORDERED this 8th day of August, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge